506 So.2d 854 (1987)
Charles A. PAGE
v.
Dean GUIDRY, Lois Guidry and State Farm Insurance Company.
No. 86 CA 0070.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
*855 Laura H. Morris, Houma, for plaintiff and appellantCharles A. Page.
Robert B. Butler, III, Houma, for defendant and appelleeState Farm Ins. Co.
James C. Murphy, New Orleans, for defendant and appelleeDean Guidry.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
SAVOIE, Judge.
This is a tort action arising out of an automobile accident in which plaintiff alleges to have aggravated a pre-existing back injury. A judgment approving a jury award of $25,000.00 was rendered in favor of plaintiff, from which he has filed this appeal.
On August 26, 1982, plaintiff was involved in a minor automobile accident which is the subject of this suit. The accident occurred when the automobile in which plaintiff was a guest passenger, a Lincoln Continental, was rear-ended by an Oldsmobile owned by Lois Guidry and driven by her son Dean Guidry. The collision knocked the Lincoln forward into the rear of the automobile in front of it. The accident was relatively minor as the Lincoln sustained only a small amount of damage to the front and rear. Plaintiff testified that he suffered back pain as a result of the accident and that he phoned his doctor, Dr. Allen Ellender. However, he was never examined by Dr. Ellender until after he was involved in another accident in December, 1982, over three months later.
This subsequent accident occurred on December 11, 1982. Plaintiff was driving his car when he was again rear-ended by another automobile and his vehicle was knocked forward 15-20 feet. On December 13, just two days later, plaintiff was in Dr. Ellender's office with complaints of back pain and pains in his left leg.
Prior to these two accidents in 1982, plaintiff had been involved in an automobile accident in 1971. In this accident plaintiff sustained a herniated disc at the L5-S1 region for which he underwent back surgery. As a result plaintiff has experienced pain in his back and leg and also some numbness in his leg on an intermittent basis since that time. In fact, he had been in Dr. Ellender's office with complaints of back and leg pains in April of 1982, just four months prior to the August accident at issue.
After the December accident, and after seeing Dr. Ellender, plaintiff was referred to Dr. Garcia-Oller, a neurosurgeon. Subsequently, after a period of treatment and observation, he was operated on by Dr. John Jackson in October, 1983 for a bulging disc at the L4-5 region. Dr. Jackson successfully performed a bilateral L4-5 discectomy and nerve root decompression. As a result of the December accident, plaintiff made a claim and later settled with State Farm, the liability carrier of the vehicle which struck his car. In connection with that claim, plaintiff submitted various medical bills for which he now seeks recovery in this case. Also, plaintiff made a claim under his own uninsured motorist coverage with Miller's Mutual Casualty Company. Again he submitted the same medical bills and he reached a settlement for his claim. The jury was made aware of these settlements for the December accident, as they were admitted into evidence; however, the amounts of each settlement were not disclosed.
Plaintiff filed suit on August 17, 1983, against Dean Guidry, his mother, Lois Guidry, and State Farm, who provided the uninsured motorist coverage on the Lincoln. Lois Guidry was dismissed from the suit on a motion for summary judgment. At the beginning of the trial, the plaintiff entered into a settlement with Dean Guidry for the sum of $5,000.00, the liability limits of the Guidry insurance policy, and voluntarily dismissed him from the suit, while reserving all rights against State Farm.
State Farm stipulated that Dean Guidry was negligent and the trial proceeded on the issues of causation and quantum. The plaintiff contended that his pain, suffering and disability were proximately caused by *856 the accident of August 26, 1982. State Farm, on the other hand, argued that the plaintiff's disc injury was due not to the August accident but to the two other accidents.
The jury returned a verdict for the plaintiff in the amount of $25,000.00 for pain and suffering, but gave no award for physical impairment or medical expenses. The trial court rendered a judgment adopting the jury verdict and plaintiff brings this appeal therefrom.
On appeal plaintiff raises the following specifications of error:
1. The jury's award was so inadequate as to constitute an abuse of discretion.
2. The trial court erred in that its jury charge regarding causation was misleading to the jury under the facts and circumstances of this case.
3. The trial court erred in admitting evidence of settlement agreements arising out of prior and subsequent accidents.
4. The trial court erred in compelling discovery of settlement documents arising out of a subsequent accident.

QUANTUM
Initially plaintiff contests the jury's award of $25,000.00 as being so inadequate as to constitute an abuse of discretion. We find no merit in this argument.
After a careful review of the record, we find ample evidence to support the trial court's award. We find no abuse of discretion in the jury's denial of damages for medical expenses as the evidence shows that plaintiff incurred no medical expenses during the period between the August and December accidents. Also, plaintiff had already submitted the costs of medical expenses incurred after the December accident in his settlement agreements reached with State Farm and Miller's, arising from the said December accident. Therefore, it was reasonable for the jury to infer that these medical expenses resulted from the December, and not the August, accident. When there is evidence before the trier of fact which furnishes a reasonable factual basis for the trial court's finding, we cannot disturb the factual finding in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Also, the jury denied recovery for physical impairment. Apparently the jury made a finding of fact that plaintiff's disabilities were caused by the other two accidents, one prior to and one subsequent to the August accident. This finding is substantiated by the record. Plaintiff was seriously injured in an accident in 1971 which required back surgery. Since then he has suffered periodic back and leg pains and numbness in his left leg, constituting a 10% disability. The August accident was relatively minor and plaintiff never received medical attention for it. Plaintiff testified that his condition was improving before the December accident, which required almost immediate medical care. After undergoing back surgery in 1983, plaintiff now suffers from an estimated 25-30% disability. In light of these facts, we find no manifest error. Arceneaux v. Domingue, 365 So.2d at 1333.
The trier of fact, in this case the jury, is given "much discretion" in its assessment of damages and we cannot disturb its award unless the record clearly shows an abuse of this discretion. LSA-C.C. art. 1999 (1985) (amending LSA-C.C. art. 1934(3) of Civil Code of 1870); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Under the particular circumstances of this case, we find no such abuse of discretion. The jury's denial of any award for medical expenses or disability is fully supported by the record. Furthermore, we find an award of $25,000.00 for pain and suffering to be more than adequate and within the jury's much discretion.

JURY CHARGES
Plaintiff further contends that the trial court erred in that its jury charge regarding causation was misleading to the jury. We find no merit in this argument.
The trial court issued the following charge to the jury:
"A plaintiff is entitled to recover only for those damages caused by the accident. *857 If he suffers for any disability or injury that did not result from the accident in question, then he is not entitled to be compensated for this disability or injury."
It is the plaintiff's contention that this charge, without further explanation or qualification, was misleading under the facts and circumstances of this case. The trial court denied plaintiff's request to charge the jury that the plaintiff did not have to prove that the accident of August 26, 1982 was the only cause of his injuries, but merely that it was a substantial cause.
In determining whether a jury charge is sufficient, all of the charges should be read together as a whole. The record shows that the following charge was given immediately after the disputed charge:
A person who is found liable for an accident take [sic] his victim as he finds him and is responsible for any aggravation of [sic] pre-existing medical condition. Therefore, if you should find that the plaintiff had a medical condition that existed prior to the accident in question, and if you should find that the accident aggravated this medical condition, then he is entitled to be compensated for the damage that was caused by the aggravation of this pre-existing condition.
After a full and fair reading of the jury charge as a whole, we find that the jury charge is an accurate statement of the law regarding causation and that it is not misleading. Again the jury apparently found that plaintiff's injuries, except for some pain and suffering, resulted from the other two accidents and not the August accident.

ADMISSIBILITY OF SETTLEMENT AGREEMENTS
Plaintiff also asserts that the trial court erred in admitting evidence of settlement agreements that resulted from plaintiff's two other accidents. Evidence of the settlements were admitted, with the amount of each settlement deleted and therefore, unknown by the jury.
Generally, evidence of a compromise or offer to compromise is inadmissible insofar as it may tend to establish liability. Belanger v. Employees Mutual Liability Insurance Company, 159 So.2d 500, 508 (La. App. 1st Cir.1963), writ denied, 245 La. 949, 162 So.2d 8 (1964). "However, although generally inadmissible to prove liability, compromises may be admissible for other purposes." Broussard v. State Farm Mutual Automobile Insurance Company, 188 So.2d 111 (La.App. 3rd Cir.), writ refused, 249 La. 713, 190 So.2d 233 (1966), cert. denied, 386 U.S. 909, 87 S.Ct. 855, 17 L.Ed.2d 783; Launey v. Thomas, 379 So.2d 27, 30 (La.App. 3rd Cir.1979), writ denied, 381 So.2d 1233 (1980). In Belanger, 159 So.2d at 508, the court allowed evidence of settlement agreements because it was "of probative value in determining the veracity" of the plaintiff's testimony at trial.
In the case sub judice, State Farm stipulated to liability, and, therefore, liability was never at issue in the trial court. Thus, the settlement agreements did not tend to establish liability as State Farm had already admitted to such. Rather the settlement agreements were admissible to show that the medical expenses claimed by plaintiff in this suit had already been submitted for recovery in the settlements reached by plaintiff with State Farm and Miller's. In fact, plaintiff's veracity and credibility were questioned by the fact that he had submitted the same medical bills in both settlements and was now seeking recovery for these costs for a third time. Therefore, we find that the settlement agreements, with the amount of each deleted therefrom, were properly admitted as an aid in the jury's apportionment of damages caused by the various accidents and in the jury's determination of the plaintiff's credibility and veracity.
For the reasons stated above, this assignment of error is without merit.

DISCOVERY OF SETTLEMENT DOCUMENTS
Finally, plaintiff asserts that the trial court erred in granting State Farm's motion to compel production of documents related to the settlement agreement between the plaintiff and Miller's arising out of the December accident. Plaintiff bases *858 his argument on the belief that these documents were privileged under LSA-C.C.P. art. 1422. This assignment is without merit.
We have found earlier that the evidence of the settlements was admissible. Thus, the documents are not privileged under LSA-C.C.P. arts. 1422-5 and this assignment of error is rendered moot.
For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by plaintiff.
AFFIRMED.