INMON TRUCK SALES, INC. *v.* Honorable Walter G. WRIGHT, Judge, Garland County Circuit Court

87-303                                                    743 S.W.2d 793

Supreme Court of Arkansas
Opinion delivered February 1, 1988

*Davidson Law Firm, Ltd.,* by: *Charles Darwin Davidson* and *Clark W. Mason,* for appellant.

*Wooten, Glover, Sanders & Slagle, P.A.,* by: *Richard L. Slagle,* for appellee.

JACK HOLT, JR., Chief Justice. Inmon Truck Sales, Inc. ("Inmon") seeks a writ to prohibit the Garland County Circuit Court from enforcing a default judgment entered against it on the ground that Garland County is not the proper venue for the action. We find that Inmon waived venue and deny the petition. Therefore, we do not address the issue of whether venue is proper.

O.J. Mondy entered into a contract to purchase a new tractor trailer truck from Inmon. Mondy put a $2,500.00 deposit down on the truck and traded in his used tractor. The parties agreed

that the truck was to be delivered within thirty days. Mondy then tendered his tractor and transferred the title to Inmon. When Inmon allegedly failed to provide a new truck to Mondy and refused to return the deposit, Mondy filed a breach of contract and conversion suit in Garland County Court. Twenty-eight days after it received service of process, Inmon filed an answer and motion to dismiss on the basis of improper venue. Thereafter, the court granted Mondy's motion for default judgment.

The principal question raised by this appeal is whether Inmon waived its right to object to venue by failing to file a motion to dismiss within twenty days after service of process. Ark. R. Civ. P. 12(h)(1) provides that a defense of improper venue, lack of personal jurisdiction, insufficiency of process or service of process, or pendency of another action between the same parties arising out of the same transaction or occurrence is waived if it is neither made by motion under the Rule nor included in the original responsive pleading. Ark. R. Civ. P. 12(a) states that "a [resident] defendant shall file his answer within twenty (20) days after service of summons and complaint upon him . . ." (thirty days if a non-resident). Ark. R. Civ. P. 12 does not specify a time limitation on presenting motions to dismiss. However, both Rule 12(b) and Reporter's Note 7[8] to the Rule indicate that a motion to dismiss should be made before filing a responsive pleading.

Although we have not addressed this issue, the weight of judicial authority interpreting Fed. R. Civ. P. 12, which is substantially the same as Ark. R. Civ. P. 12, supports the proposition that a failure to raise the defense of improper venue by motion or responsive pleading within twenty days after service of process is a waiver of the defense. *Farmers Elevator Mutual Ins. Co. v. Carl J. Austad & Sons, Inc.*, 343 F.2d 7 (8th Cir. 1965); *W.A. Stackpole Motor Transportation, Inc. v. Malden Spinning and Dyeing Co.*, 263 F.2d 47 (1st Cir. 1958); *United States v. Gross*, 276 F.2d 816 (2nd Cir. 1960); *Nelson v. Victory Electric Works, Inc.*, 210 F. Supp. 954 (D. Md. 1962); *Totalplan Corp. of America v. Lure Camera Ltd.*, 613 F. Supp. 451 (D.C.N.Y. 1985); *contra Bechtel v. Liberty National Bank*, 534 F.2d 1335 (9th Cir. 1976). We find this position to be well reasoned. Accordingly, we hold that a motion to dismiss for improper venue must be filed no later than the time at which the original responsive pleading is due. *See* Newbern, *Arkansas Civil*

*Practice and Procedure*, § 11-1 (1985). Since Inmon failed to file a motion to dismiss for improper venue within twenty days after service of process upon him, he waived his right to object to venue.

Petition denied.