Marilyn K. WALLACE *v.* David HALE

99-1396                                           20 S.W.3d 392

Supreme Court of Arkansas
Opinion delivered July 7, 2000

*Christopher Charles Piazza*, Judge;

*Charles F. Mills*, for appellant.

*Bowden Law Firm*, by: *David O. Bowden*, for appellee.

WH. "DUB" ARNOLD, Chief Justice. The issue in this appeal is whether, by specifically reserving his objections to jurisdiction and service of process and reserving the right to plead further in his original responsive pleading, the appellee "asserted" these defenses, as required by Ark. R. Civ. P. 12(b). We hold that appellee's reserving of objections amounted to "asserting" the defenses, and we hereby affirm the trial court's dismissal of this action.

Appellant, as executrix of the estate of Carrie Floy Rickett, sued appellee on a promissory note. That case was dismissed

without prejudice because appellant failed to obtain service of process upon appellee within the time allowed under Ark. R. Civ. P. 4(i). Appellant refiled her action against appellee on January 19, 1999, and appellee answered the complaint on January 26, 1999, without process ever having been served upon him. Appellee's answer included the following separate paragraph:

> Defendant reserves the right to plead further and reserves objections on the basis of (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state facts upon which relief can be granted, and (7) failure to join a party under Rule 19, if any.

Service of process was admittedly never made upon appellee, and on May 26, 1999, appellee filed a motion to dismiss, contending that the time allowed for obtaining service of process upon him had elapsed and that he was therefore now entitled to an order of dismissal with prejudice. The trial court agreed and dismissed the case with prejudice in an order filed on August 24, 1999. This appeal followed.

As a sole point on appeal, appellant asserts that by filing an answer in which he simply reserved his objections to jurisdiction and service of process, rather than asserting these grounds as defenses, the appellee had submitted himself to the jurisdiction of the lower court by virtue of his answer, thereby waiving any objections he might otherwise have had. We disagree that appellee's actions constituted a waiver of defenses and hold instead that said defenses were properly preserved by the appellee.

Appellant contends that neither Ark. R. Civ. P. 12(h) nor the case of *Farm Bureau Mutual Insurance Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993), permits a defendant to reserve the right to plead further or to reserve objections which, under Rule 12(h), must be made prior to or be included in the original responsive pleading. In that case, the defendant specifically answered the complaint and at the same time reserved its objections to the court's lack of jurisdiction and the plaintiffs' insufficient service of process, just as the appellee did in the instant case. The trial court in *Farm Bureau* dismissed the case, finding that neither waiver nor estoppel applied; we affirmed the trial court therein, noting that in deciding whether a defendant has waived his rights and entered his appear-

ance, the determining factor is whether the defendant seeks affirmative relief, that is, whether the pleading filed is more than a defensive action. *See Story v. Brewer,* 232 Ark. 558, 339 S.W.2d 104 (1960). Just as in the instant case, the defendant in *Farm Bureau* asked for no affirmative relief.

■ We further held in *Farm Bureau* that estoppel does not apply where the defect in the summons itself is so substantial as to render the process void. *See Storey, supra.* Here, as in *Farm Bureau,* the appellant admits that no service of summons whatever was made on the appellee; thus, estoppel simply is inapplicable in these circumstances and will not be applied.

Rule 12(b) of the Arkansas Rules of Civil Procedure provides that every defense to a claim for relief in any pleading "shall be *asserted* in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion: ... (2) lack of jurisdiction over the person, ... (5) insufficiency of service of process." (Emphasis added.) Rule 12(h), governing waiver or preservation of certain defenses, provides that a defense of lack of jurisdiction over the person or insufficiency of service of process "is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in the original responsive pleading."

■ In this case, although service of process was admittedly never made upon appellee, the appellee filed an answer specifically reserving his objections to the jurisdiction of the person and the insufficiency of service of process. Then, after the time for service of process had expired, he elected to file a motion to dismiss based on these grounds, pursuant to Rule 12(b). We hold that appellee properly asserted these defenses and clearly preserved them under Rule 12(h) by including them in his original responsive pleading and by further filing a motion to dismiss once the time for service of process had expired. As such, we affirm the trial court's dismissal.

Affirmed.