Brenda HIGGINS *v.* Alpha BURNETT, *et al.*

76 S.W.3d 893

Supreme Court of Arkansas
Opinion delivered June 6, 2002

*Elmore & Smith*, by: *Teresa M. Smith*; and *F.N. "Buddy" Trox-ell*, for appellant.

*Stuart Law Firm, P.A.*, by: *J. Michael Stuart*, for appellees.

W H. "DUB" ARNOLD, Chief Justice. This case involves an action for fraud and conversion filed in Faulkner County Circuit Court against two defendants residing in Lonoke

County, involving funds allegedly jointly owned by the appellant and one appellee, the appellant's mother. Appellees initially filed an answer that denied in separate one-sentence paragraphs each paragraph of the complaint except two paragraphs identifying the parties and their county of residence, raised no affirmative defenses, and did not reserve the right to further plead. Approximately fourteen months later, the defendants filed a motion to dismiss in which they raised, among other defenses, improper venue. The trial court granted the motion to dismiss. Appellant now brings this appeal, asserting the following points:

1) The trial court erred in addressing a defense asserted by appellees which had been waived under Ark. R. Civ. Pro. 12;

2) The trial court erred in granting appellees' motion to dismiss considering matters outside the pleadings;

3) The trial court erred in dismissing appellant's complaint where statutory and case law clearly establish appellant's causes of action are entitled to be pursued in the Faulkner County Circuit Court.

We agree with appellant that the trial court erred in addressing a defense asserted by appellees which had been waived under Ark. R. Civ. Pro. 12. Because appellees did not raise their valid defense of improper venue in the answer, or by motion filed prior to or simultaneously with the answer, we hold that the defense was waived; therefore, the case is reversed and remanded on appellant's first asserted point, leaving no need to address appellant's other points on appeal.

Arkansas Rule of Civil Procedure 12(h)(1) provides that a defense of improper venue, lack of personal jurisdiction, insufficiency of process or service of process, or pendency of another action between the same parties arising out of the same transaction or occurrence is waived if it is neither made by motion under the Rule nor included in the original responsive pleading. Arkansas Rule of Civil Procedure 12(a) states that "a [resident] defendant shall file his answer within twenty (20) days after service of summons and complaint upon him . . . (thirty days if a non-resident)." Arkansas Rule of Civil Procedure 12 does not specify a time limi-

tation on presenting motions to dismiss. However, both Rule 12(b) and Reporter's Note 7 [8] to the Rule indicate that a motion to dismiss should be made before filing a responsive pleading.

Further, we clearly held in *Inmon Truck Sales, Inc. v. Wright*, 294 Ark. 397, 743 S.W.2d 793 (1988), that a motion to dismiss for improper venue must be filed no later than the time at which the original responsive pleading is due. In *Inmon*, we noted that the weight of judicial authority interpreting Fed. R. Civ. P. 12, which is substantially the same as Ark. R. Civ. P. 12, supports the proposition that a failure to raise the defense of improper venue by motion or responsive pleading within twenty days after service of process is a waiver of the defense. *Farmers Elevator Mutual Ins. Co. v. Carl J. Austad & Sons, Inc.*, 343 F.2d 7 (8th Cir. 1965); *W.A. Stackpole Motor Transportation, Inc. v. Malden Spinning and Dyeing Co.*, 263 F.2d 47 (1st Cir. 1958); *United States v. Gross*, 276 F.2d 816 (2nd Cir. 1960); *Nelson v. Victory Electric Works, Inc.*, 210 F. Supp. 954 (D. Md. 1962); *Totalplan Corp. of America v. Lure Camera Ltd.*, 613 F. Supp. 451 (D.C. N.Y. 1985); *contra Bechtel v. Liberty National Bank*, 534 F.2d 1335 (9th Cir. 1976). Moreover, in the instant case, the mere denial of the factual allegation that venue was proper in Faulkner County did not sufficiently raise the legal defense of improper venue. *See Southern Transit Co., Inc. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998). The mere denial of a factual allegation is not equivalent to stating facts sufficient to support a legal defense. *Id.* at 177, 966 S.W.2d at 909. Appellees also did not specifically reserve their objection to improper venue. *See Wallace v. Hale*, 341 Ark. 898, 20 S.W.3d 392 (2000); *Farm Bureau Mutual Insurance Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993).

Accordingly, when applying our holdings in *Inmon, supra,* and *Southern Transit, supra,* to the case at bar, we hold that since appellees failed to raise the defense of improper venue by motion or responsive pleading within twenty days after service of process, they waived their right to object to venue.

Reversed and remanded.