Dezoray GAILEY *v.*
ALLSTATE INSURANCE COMPANY

04–806 210 S.W.3d 40

Supreme Court of Arkansas
Opinion delivered June 9, 2005

*Don R. Etherly*, for appellant.

*Barrett & Deacon, P.A.*, by: *D.P. Marshall Jr.*, *Kevin W. Cole*, and *Andrew H. Dallas*, for appellee.

JIM GUNTER, Justice. Appellant, Dezoray Gailey, brought this action for uninsured-motorist benefits against appellee, Allstate Insurance Company.[1] The jury returned a verdict for Gailey in the amount of $3,097.10. Gailey appeals; Allstate cross-appeals. We reverse and remand for a new trial on appeal, and affirm on cross-appeal.

On September 12, 1997, a parked car in which Gailey was sitting was struck by Bianca Sills. The car being driven by Ms. Sills was owned by Jerry Woods and was alleged by Ms. Sills to be uninsured. Following the accident, a family member drove Gailey to the hospital. On the way to the hospital, Gailey was involved in another car accident. Gailey filed a claim with Allstate, the insurer of the parked car in which Gailey was sitting when it was struck by Ms. Sills. He also filed a claim with GEICO Insurance, which related to the second accident and resulted in a settlement.

When Allstate denied Gailey's claim, Gailey filed a complaint against Allstate in the Phillips County Circuit Court on July 2, 1998. In response, Allstate filed a Motion to Dismiss or

---

[1] The circuit court ordered Gailey to join Bianca Sills, who was joined as a defendant, but never participated in the case. Upon Allstate's motion, the circuit court later dismissed its cross-claim against Ms. Sills without prejudice.

Alternatively, Answer, in which it alleged that Gailey failed to state a claim and that he failed to join Ms. Sills, a necessary party. On June 3, 1999, the Phillips County Circuit Court denied the motion to dismiss, but ordered Gailey to join Ms. Sills. On June 7, 1999, Gailey filed an amended complaint, adding Bianca Sills as a co-defendant. Allstate filed an answer to the amended complaint on June 21, 1999, alleging that Gailey's complaint should be dismissed for improper venue and, in August, filed a cross-claim against Ms. Sills for indemnity and/or contribution for any amount Allstate might be required to pay Gailey. On November 5, 1999, Allstate filed a motion to dismiss for improper venue and requested, as an alternative to dismissal, that the case be transferred to the Craighead County Circuit Court. In spite of Gailey's argument that Allstate had waived the issue of improper venue, the Phillips County Circuit Court granted Allstate's motion to transfer on March 20, 2000.

Before the trial in Craighead County, Gailey filed a motion in limine asking the court to exclude any evidence relating to his settlement with GEICO. The court denied the motion, ruling that it would allow Allstate to introduce this evidence, with the exception of the amount of the settlement. The jury rendered a verdict on interrogatories finding (1) Sills's negligence was the proximate cause of the accident; (2) the vehicle operated by Ms. Sills was uninsured at the time of the accident; (3) Ms. Sills was uninsured as defined under the Allstate policy; and (4) Gailey sustained $3,097.10 in damages as a result of the accident. Gailey filed an appeal, and Allstate filed a cross-appeal.[2]

Gailey's first point on appeal is that the Phillips County Circuit Court erred in granting Allstate's motion to transfer the case to Craighead County on the basis of improper venue. Gailey has never contended that the court improperly interpreted the venue statutes, but argued to the Phillips County court, and

---

[2] An appeal was taken to the Arkansas Court of Appeals, which dismissed without prejudice on February 12, 2003, for lack of jurisdiction. The court of appeals determined that the circuit court's order neither specifically disposed of the cross-claim against Ms. Sills, nor included a Rule 54(b) certification as required by Ark. R. Civ. P. 54(b). *See Gailey v. Allstate Ins. Co.,* CA02-184 (Ark. App. Feb. 12, 2003). The parties returned to circuit court, which dismissed the cross-claim, and have filed timely appeals therefrom. We have accepted jurisdiction upon certification by the court of appeals pursuant to Ark. Sup. Ct. R. 1-2(b)(1) and (6).

continues to argue here, that transfer was inappropriate because Allstate waived the issue of venue. We agree with Gailey.

█ Unlike jurisdiction, which may not be waived or created by consent of the parties, venue may be waived by either the action or inaction of a defendant. *See Loewer v. Nat'l Bank of Arkansas*, 311 Ark. 354, 844 S.W.2d 329 (1992). The defendant waives its objection to improper venue by its actions when it invokes the jurisdiction of the court.[3] *Arkansas Game and Fish Comm'n v. Lindsey*, 292 Ark. 314, 730 S.W.2d 474 (1987). The defendant waives its objection to improper venue by its inaction when it fails to raise the defense in its answer or in a motion filed prior to or simultaneously with its answer. *Higgins v. Burnett*, 349 Ark. 130, 76 S.W.3d 893 (2002); *Inmon Truck Sales, Inc. v. Wright*, 294 Ark. 397, 743 S.W.2d 793 (1988).

██ Under Rule 12(b) of the Arkansas Rules of Civil Procedure, a party must assert the defense of improper venue in its answer or in a motion filed prior to or simultaneously with its answer. Ark. R. Civ. P. 12(b); *Higgins, supra*. If he fails to do this, he waives this defense. Ark. R. Civ. P. 12(h)(1). In this case, in response to Gailey's complaint, Allstate filed a Motion to Dismiss or Alternatively, Answer (hereinafter referred to as "answer") on August 6, 1998. It did not raise the defense of improper venue. Under the law set forth above, this constitutes a waiver of Allstate's objection to improper venue. Allstate argues that its failure to raise the improper-venue defense did not constitute a waiver, because it denied the residency allegations set forth in the complaint and it reserved the right to plead any and all affirmative defenses. Allstate claims that these actions sufficiently preserved its objection to venue.

█ We have held that the mere denial of the factual allegation that venue is proper in a particular county is not sufficient to raise the defense of improper venue. *Higgins, supra*. Moreover, in this case, Allstate did not deny that venue was proper, but merely denied Gailey's allegation that he was a resident of Phillips County because Allstate was without sufficient knowl-

---

[3] We have held that this occurs where a party voluntarily asks the court for affirmative relief — as in a permissive counterclaim, for example — and does not occur where the request for relief is of a non-voluntary nature, such as a compulsory counterclaim. *Lindsey, supra*; *see also Thompson v. Dunlap*, 244 Ark. 178, 424 S.W.2d 360 (1968).

edge or information to form a belief as to the truth of that allegation. Venue was never specifically mentioned.

■ Finally, while we have held that a party may prevent waiver of a 12(b) defense by specifically reserving its objection to the defense in its answer, *Wallace v. Hale*, 341 Ark. 898, 20 S.W.3d 392 (2000), Allstate did not do so. Relying on our decision in *Wallace*, Allstate argues that the following statement in its answer constituted a specific reservation of the improper-venue defense and prevented waiver in this case: [Allstate] "[r]eserves the right to affirmatively plead any and all other defenses which may be applicable per Rule 8(c) of the Arkansas Rules of Civil Procedure." Rule 8(c) reads in pertinent part as follows:

> Rule 8. General rules of pleading. . . . (c) Affirmative Defenses. In responding to a complaint, counterclaim, cross-claim or third party claim, a party shall set forth affirmatively accord and satisfaction, arbitration and award, comparative fault, discharge in bankruptcy, duress, estoppel, exclusiveness of remedy under workmen's compensation law, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, set-off, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

Ark. R. Civ. P. 8(c). In contrast, the 12(b) defenses are

> (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state facts upon which relief can be granted, (7) failure to join a party under Rule 19, (8) pendency of another action between the same parties arising out of the same transaction or occurrence.

Ark. R. Civ. P. 12(b).

■ In *Wallace*, we held that the defendant specifically reserved objections to personal jurisdiction and sufficiency of service of process, and therefore did not waive them, where his answer contained the following paragraph:

> Defendant reserves the right to plead further and reserves objections on the basis of (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4)

insufficiency of process, (5) insufficiency of service of process, (6) failure to state facts upon which relief can be granted, and (7) failure to join a party under Rule 19, if any.

*Id.* In *Wallace*, the defendant specifically set forth the defenses to which he later objected. We held that this constituted a specific reservation. *Id.* Although it specifically mentioned the affirmative defenses listed in Ark. R. Civ. P. 8(c), Allstate did not specifically mention the defense of venue or Ark. R. Civ. P. 12(b). We hold that this did not constitute a specific reservation of the defense of improper venue.

■ Because Allstate neither raised the defense of improper venue in its answer or in a motion filed prior to or simultaneously with its answer, nor specifically reserved its objection to improper venue in its answer, we hold that it waived its venue objection. Therefore, the Phillips County Circuit Court abused its discretion in transferring the case to Craighead County. We reverse and remand this case to the Craighead County Circuit Court with directions to transfer it to the Phillips County Circuit Court for a new trial.

■ Although we reverse on Gailey's first point on appeal, we address the remaining arguments for guidance to the circuit court in the event they arise on retrial. Gailey's second point on appeal is that the circuit court erred in allowing Allstate to introduce evidence relating to the settlement negotiations between Gailey and GEICO. He argues that this evidence should have been excluded under Rule 408 of the Arkansas Rules of Evidence. We review the circuit court's decision for abuse of discretion. *Sexton Law Firm, P.A. v. Millligan*, 329 Ark. 285, 948 S.W.2d 388 (1997).

Rule 408 provides

Evidence of (1) furnishing, offering, or promising to furnish, or (2) accepting, offering, or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove *liability for, invalidity of, or amount of the claim or any other claim.* Evidence of conduct or statements made in compromise negotiations is likewise not admissible. *This rule does not require exclusion if the evidence is offered for another purpose,* such as proving bias or prejudice

of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Ark. R. Evid. 408 (emphasis added).

We have made it clear that Rule 408 does not provide a blanket protection against all evidence relating to offers of compromise and settlement. *Sexton Law Firm, supra.* The rule does not prohibit such evidence when it is offered for a purpose other than proving "liability for, invalidity of, or amount of the claim or any other claim." Ark. R. Evid. 408; *Sexton Law Firm, supra.* Allstate argues that the evidence was introduced not to prove the invalidity of Gailey's claim against it or the amount of either claim, but to impeach Gailey's trial testimony and his credibility. During discovery, Allstate learned that Gailey submitted identical medical bills to GEICO and Allstate. Gailey's submission of the same medical records to prove injuries from different accidents contradicted his testimony at trial about the injuries he received in the first accident. Allstate claims it was entitled to introduce this evidence not to prove the invalidity of Gailey's claim or the amount of that claim, but to impeach Gailey's testimony and credibility. In fact, Allstate argues, Gailey, not Allstate, introduced the amount of the GEICO settlement. We agree with Allstate.

Furthermore, we upheld the admissibility of settlement evidence in a similar case, *Clawson v. Rye,* 281 Ark. 8, 661 S.W.2d 354 (1983). In *Clawson,* the plaintiff was involved in two car accidents within seven months. She settled her claim from the first accident. The defendant introduced evidence of this settlement in a trial on the second accident to show prior injuries. We held that it was relevant to the jury's determination of damages because the jury needed to know that the plaintiff had suffered injuries from a prior accident in order fairly to determine the amount of damages in the case before it. *Id.* Because evidence relating to the second accident and settlement with GEICO was introduced for a purpose other than proving "liability for, invalidity of, or amount of the claim," we hold that the circuit court did not abuse its discretion in admitting it.

Finally, Allstate argues on cross-appeal that the circuit court erred in failing to direct a verdict in its favor. Allstate contends that while Gailey presented sufficient evidence to prove that Ms. Sills — the driver of the offending vehicle — was

uninsured, he failed to present substantial evidence that the vehicle itself was uninsured. In order to recover uninsured-motorist benefits under Arkansas law, a plaintiff must prove that both the driver of the vehicle and the vehicle itself were uninsured. *Home Ins. Co. v. Harwell*, 263 Ark. 884, 568 S.W.2d 17 (1978).

 Our standard of review of the denial of a motion for directed verdict is whether the jury's verdict is supported by substantial evidence, which is evidence that goes beyond suspicion or conjecture and is sufficient to compel a conclusion one way or the other. *Ethyl Corp. v. Johnson*, 345 Ark. 476, 49 S.W.3d 644 (2001); *City of Caddo Valley v. George*, 340 Ark. 203, 211, 9 S.W.3d 481, 486 (2000). In determining whether there is substantial evidence, we view the evidence and all reasonable inferences arising therefrom in the light most favorable to the party against whom the motion was sought and give the evidence its strongest probative force. *Id.* If there is any substantial evidence to support the verdict, we will affirm the trial court. *Grendell v. Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987).

The evidence presented at trial that is relevant to whether the vehicle was uninsured consisted mainly of the admissions of Ms. Sills. Ms. Sills did not respond to requests for admission propounded upon her by Gailey, and the court granted Gailey's motion to deem the requests for admission admitted. When Ms. Sills did not show up for the trial, the court allowed Gailey's attorney to read the admissions to the jury. The admissions and deemed responses relevant to this issue are Request #4 and Request #5, which were read to the jury as follows:

> Request #4: Admit the Chevrolet Caprice you were operating had no liability insurance as required by Arkansas law. No response. That request is deemed admitted.

> Request #5: Admit that if you do not respond to these requests for admissions, it is because you are liable, had no liability insurance, and you were completely at fault without any defense to the plaintiff's complaint. No response. That request is deemed admitted.

The only other evidence relevant to whether the vehicle was or was not insured was the testimony of Officer Manuel Clark, who was called to the scene to investigate the accident. Officer

Clark testified that the vehicle Ms. Sills had been driving at the time of the accident was owned by Jerry Woods. While neither Officer Clark nor anyone else spoke with Mr. Woods about insurance, Officer Clark testified that Ms. Sills did not provide insurance when asked and indicated that she did not know if the car was insured or not. Although Officer Clark issued a citation to Ms. Sills for, among other things, no proof of insurance, neither Mr. Woods nor Ms. Sills ever contacted Officer Clark to provide him with proof of insurance.

Allstate argues, first, that Ms. Sills's admissions are not binding on Allstate, and, second, that this evidence does not constitute substantial evidence that the vehicle driven by Ms. Sills was uninsured. Rule 36(b) of the Arkansas Rules of Civil Procedure states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." While the admissions by Ms. Sills of fault, liability, and lack of insurance do not bind Allstate in that they constitute conclusive proof of those elements, they do constitute evidence of those elements. In other words, Ms. Sills has admitted — by failure to respond to the requests for admission — that she believes herself to be at fault, liable, uninsured, and without any defense. She also admitted that the vehicle she was driving was uninsured. Allstate was free to offer evidence to the contrary. It did not. The form of the evidence — that is, requests deemed admitted for failure to respond — may not be as persuasive to a jury as actual testimony, but this does not change the fact that the admission was some evidence that the vehicle was uninsured. Officer Clark's testimony was also some evidence that the vehicle was uninsured. The question we must answer is whether the jury was presented with substantial evidence that the vehicle was uninsured.

Viewing the evidence and all reasonable inferences arising therefrom in the light most favorable to Gailey and giving the evidence its strongest probative force, we hold that there is substantial evidence to support the jury's verdict that the vehicle was uninsured. In the two Arkansas cases cited by the parties on this point, there was *no evidence* presented that the vehicle was uninsured. *See Southwestern Underwriters Ins. Co. v. Miller*, 254 Ark. 387, 493 S.W.2d 432 (1973), and *Home Ins. Co. v. Harwell*, 263 Ark. 884, 568 S.W.2d 17 (1978). Unlike in those cases, there was some evidence presented in this case that the vehicle was uninsured. The driver of the vehicle admitted the car was uninsured,

and the investigating officer issued a citation that the vehicle was uninsured. Neither the driver nor the owner ever presented proof of insurance. We hold that the evidence presented goes beyond mere suspicion and conjecture and is sufficient to support the jury's conclusion that the vehicle was uninsured. Therefore, we affirm on cross-appeal.

For the reasons discussed herein, we reverse and remand this case to the Craighead County Circuit Court with directions to transfer it to the Phillips County Circuit Court for a new trial.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. The history of the pleadings in this case is instructive:

- July 2, 1998 — Complaint against Allstate
- August 6, 1998 — Motion to Dismiss or, Alternatively, Answer by Allstate, denying Gailey's residence and reserving right to plead further
- June 7, 1999 — Amended Complaint against Allstate and new defendant Bianca Sills; Sills added by order of the circuit court.
- June 21, 1999 — Separate Answer of Allstate to Amended Complaint which contains motion to dismiss for improper venue
- November 5, 1999 — Supplemental Motion to dismiss for improper venue
- March 23, 2000 — Order to transfer for improper venue

I believe the venue defense was preserved by Allstate. Allstate made the following assertions in its original answer to the first complaint:

4. That defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within paragraph 1 of the Complaint and therefore denies same.

[This was in response to Gailey's allegation "[t]hat the plaintiff at all times pertinent to this cause of action was a resident and citizen of Phillips County, Arkansas."]

16. Reserves the right to affirmatively plead any and all other defenses which may be applicable per Rule 8(c) of the Arkansas Rules of Civil Procedure.

17. Reserves the right to file such additional or amended pleadings as may be required upon further investigation of the facts underlying this cause.

Our Rules of Civil Procedure clearly provide that a venue defense is waived if not "included in the original responsive pleading." Ark. R. Civ. P. 12(h)(1). Despite this language, this court had this to say regarding waiver of an insufficiency-of-service-of-process defense which is also subject to waiver together with venue under Rule 12(h)(1):

> In this case, although service of process was admittedly never made upon appellee, the appellee filed an answer specifically reserving his objections to the jurisdiction of the person and the insufficiency of service of process. Then, after the time for service of process had expired, he elected to file a motion to dismiss based on these grounds pursuant to Rule 12(b). We hold that appellee properly asserted these defenses and clearly preserved them under Rule 12(h) by including them in his original responsive pleading and by further filing a motion to dismiss once the time for service of process had expired. As such, we affirm the trial court's dismissal.

*Wallace v. Hale*, 341 Ark. 898, 900, 20 S.W.3d 392, 394 (2000). Thus, we have carved out an exception to strict construction of Rule 12(h)(1), where a specific reservation of rights to plead further is made.

In the case at hand, Allstate not only reserved the right to plead further but *specifically* objected to Gailey's residence which is the basis for venue. I can see no practical difference between what was done in *Wallace* and what Allstate did in the instant case.

An analogous federal case makes the same point in interpreting Federal Civil Procedure Rule 12(h)(1) by saying that a party should only be "deemed to have waived objections or defenses which were . . . known to be available." *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 739 (1st Cir. 1983) (quoting *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981)).[1] The First Circuit concluded that the defendant, Lilly, did not waive the Rule 12(h)(1) defense of lack of personal jurisdiction due to the plaintiff's residency. That court said:

---

[1] Though Federal Civil Procedure Rule 12(h)(1) did not refer to "original" response, the First Circuit interpreted the rule to require raising those defenses in the original response.

. . . In the case before us the defense was not originally available to Lilly because Glater's complaint did not put it on notice that her New Hampshire domicile was at least questionable. It could not waive a defense involving facts of which it was not, and could not have been expected to have been, aware. *See* C. Wright & A. Miller, *supra*, § 1391, at 853-54 ("Rule 12(h) does not provide for waiver if the omitted defense was unavailable when the party answered, as might be the case if the complaint does not give defendant sufficient notice that plaintiff is making a certain type of claim.")[.] . . .

*Id.* at 738-39.

This is precisely the argument made by Allstate. It contested Gailey's residence and reserved the right to plead further, because at that point it did not know Gailey's precise residence at the time of the accident. The principle espoused in the *Glater* and *Holzsager* cases should control this matter. In short, because Allstate reserved the right to assert a venue defense in its answer to the first complaint, I would affirm the transfer of venue by the circuit court.