Cooperman v. Woodard, No. 311-8-11 Bncv (Wesley, J. Mar. 12, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 311-8-11 Bncv** |

| | |
|---|---|
| **Morton Cooperman,**<br>**Plaintiff.**<br><br>**v.**<br><br>**Thomas Woodard,**<br>**Defendant.** | |

### Opinion and Order
### Denying Pending Motions in Limine

Plaintiff sues Defendant for negligence. Plaintiff alleges Defendant drove into Plaintiff's automobile while Plaintiff was stopped at a traffic light. The case is set for a jury trial starting on March 27, 2014. David Pollack, Esq. represents Plaintiff. John Brady, Esq. represents Defendant.

Defendant's Motion in Limine to Exclude Evidence of Medical Costs

On February 5, 2014, Defendant filed a motion in limine to exclude evidence of medical costs other than amounts paid. In his motion, Defendant acknowledges Vermont recognizes the collateral source rule. The collateral source rule prohibits a defendant from offering evidence that a plaintiff received payment for medical costs from another source to argue the plaintiff is entitled to less money in damages. *See Windsor Sch. Dist. v. State*, 2008 VT 27, ¶ 32, 183 Vt. 452. Defendant seeks to introduce evidence of how much Plaintiff's providers accepted as payment rather than how much they charged to show the value of the services. Plaintiff opposed the motion on February 20, 2014. Plaintiff observed that although the Vermont Supreme Court has not ruled on this issue, the District of Vermont and Vermont Superior Courts have held the collateral source rule prohibits introducing the amount a plaintiff paid for medical services.

Judge Sessions evaluated the scope of the collateral source rule in deciding whether to admit evidence of the reasonable value of medical bills. *See Melo v. Allstate Ins. Co.*, 800 F.Supp.2d 596, 597 (D. Vt. 2011). The court noted the amount of damages for medical expenses is the reasonable value of the medical services a plaintiff receives. *Id.* at 599 (quoting *Smedberg v. Detlef's Custodial Serv., Inc.*, 2007 VT 99, ¶ 37, 182 Vt. 349). The court then noted that although the Vermont Supreme Court has not addressed this issue, it has favorably cited a Wisconsin case that addressed the issue. *Id.* at 600; *see also Windsor Sch. Dist.*, 2008 VT 27, ¶ 35 (citing *Leitinger v. DBart Inc.*, 2007 WI 84, ¶ 33, 736 N.W.2d 1, 10). Allowing a defendant to introduce evidence of amount paid would effectively circumvent the collateral source rule and is therefore not permissible. *See Melo*, 800 F.Supp.2d at 600–01; *see also Leitinger*, 2007 WI 84, 54 ("The collateral source rule prevents the fact-finder from learning about collateral source payments, even when offered supposedly to assist the jury in determining the reasonable value of

the medical treatment rendered, so that the existence of collateral source payments will not influence the fact-finder.").

This Court has also applied *Melo* in a nearly identical case. *See Diamondstone v. Anagnostopulos*, No. 546-10-08 Wmcv, 2011 WL 8472904 (Vt. Super. Ct. Aug. 11, 2011) (Wesley, J.). This Court determined *Melo* was a carefully reasoned decision and the court "cannot reasonably take issue with Judge Sessions' logic or conclusion." *Id.* This Court therefore held that a defendant may not introduce evidence of the amount paid for medical services. *Id.* On the other hand, a defendant could introduce other evidence of the value of the services, such as what the provider usually charges and what other providers charge for similar services. *Id.*

This Court now adopts the reasoning of *Melo* and *Diamondstone*. Defendant may not introduce evidence of how much Plaintiff's providers accepted as payment for medical services because that evidence would violate the collateral source rule. *See Melo*, 800 F.Supp.2d at 600–01; *Diamondstone*, 2011 WL 8472904. Defendant may still introduce other evidence of the value of the services. Accordingly, the Court must deny Defendant's motion in limine

Plaintiff's Motion in Limine to Exclude Evidence of Negotiations and Settlements

On February 28, 2014, Plaintiff filed a motion in limine to exclude evidence of prior negotiations and settlements. Plaintiff was in an automobile accident in 2007, approximately two years before the events leading to this case. Plaintiff suffered similar injuries in the 2007 collision as he did in the 2009 collision. Plaintiff settled with the parties involved in the 2007 collision. During the course of settlement negotiations, Plaintiff made several statements about his injuries. Plaintiff seeks to exclude those statements from this trial under V.R.E. 408. On March 6, 2014, Defendant opposed Plaintiff's motion in limine.

The issue in this motion is whether Plaintiff may offer statements Defendant made in settlement negotiations for a pervious case to show the extent of damages Plaintiff sustained. Parties may not offer "statements made in compromise negotiations" to prove liability or the amount of a claim. V.R.E. 408(a). A party may introduce evidence of settlement negotiations for other purposes, such as "proving a witness's bias or prejudice; negativing a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution." V.R.E. 408(b). Vermont case law does not answer whether settlements for previous injuries are admissible to show the extent of damages. The Vermont rule is similar to the federal rule and the rules in other jurisdictions. *See* Reporter's Notes to V.R.E. 408.

The reasoning of courts in other jurisdictions indicates a settlement from a previous law suit is admissible to show the extent of damages based on a prior injury. *See, e.g.*, *Gailey v. Allstate Ins. Co.*, 210 S.W.3d 40, 45 (Ark. 2005); *Page v. Guidry*, 506 So.2d 854, 857 (La. Ct. App. 1987). *Gailey* involved a suit for uninsured motorist benefits. 210 S.W.3d at 42. The plaintiff was involved in two car accidents in a single day. *Id.* The Arkansas Supreme Court upheld the admissibility of a settlement where the plaintiff described similar injuries for both accidents. *Id.* at 45. The court held: "Because evidence relating to the second accident and settlement with GEICO was introduced for a purpose other than proving 'liability for, invalidity

2

of, or amount of the claim,' we hold that the circuit court did not abuse its discretion in admitting it." *Id.* In a similar scenario, the Louisiana Court of Appeals admitted evidence of a settlement because "plaintiff's veracity and credibility were questioned by the fact that he had submitted the same medical bills in both settlements and was now seeking recovery for these costs for a third time." *Page*, 506 So.2d at 857.

Despite allowing evidence of settlements, courts tend to prevent defendants from asking about the amount of the settlement. *See e.g., Id.*; *Larsen v. Johnson*, 958 P.2d 953, 957–58 (Utah 1998). In *Page*, the court allowed evidence of the previous settlements but only "with the amount of each deleted." 506 So.2d at 857. Similarly, the Utah Court of Appeals ruled "the evidence regarding the *amount* of plaintiff's settlement was irrelevant and thus had no probative value." *Larsen*, 958 P.2d at 957–58.

In this case, the Court will likely allow Defendant to introduce evidence about Plaintiff's previous settlements and the statements he made in settlement negotiations. As explained in *Gailey*, admitting evidence of previous settlements to show prior injuries does not violate V.R.E. 408(a) and likely fits within V.R.E. 408(b). *See* 210 S.W.3d at 45. In this case, Plaintiff received similar injuries in a previous automobile collision and Defendant may introduce evidence about those injuries and statements Plaintiff made in previous settlement conferences to show the extent of Plaintiff's injuries. The Court will not likely allow evidence about the amounts of the settlements because the amount is not relevant and is prejudicial. *See Larsen*, 958 P.2d at 957–58. The Court may revisit its determination on the admissibility of the evidence at trial because the Court will need to evaluate the proffered evidence in the context of the case as it develops. Nevertheless, the Court will deny Plaintiff's motion in limine at this point

## Order

The Court **DENIES** Defendant's motion in limine to exclude evidence of medical costs . The Court **DENIES** Plaintiff's motion in limine to exclude evidence of negotiations and settlements.

Dated  and signed electronically at Bennington, Vermont on March 12, 2014

*John P. Wesley*

_____
John P. Wesley
Superior Court Judge

3