SHAWN A. WOMACK, Associate Justice
The appellant, Arkansas Community Correction ("ACC"), filed an interlocutory appeal under Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure-Civil from an order of the Pulaski County Circuit Court denying its motion for judgment on *842 the pleadings. The appellant asserts that Annette Barnes's complaint is barred by the doctrine of sovereign immunity. We reverse and dismiss.
Barnes alleged in her complaint that she was terminated from her position with the ACC for protesting discriminatory actions on behalf of her employer and participating in an investigation designed to discover further discrimination. She alleged that her termination was a violation of the Arkansas Whistle-Blower Act ("AWBA") and asked for damages, reinstatement, attorneys' fees, costs, and all other relief available under the Act and the law. ACC filed its answer and affirmatively pled that her claim was barred by sovereign immunity. Thereafter, ACC filed a motion for judgment on the pleadings pursuant to Ark. R. Civ. P. 12(c) arguing that it is an agency of the State and the General Assembly could not validly waive the state's sovereign immunity under the AWBA. Ark. Code Ann. §§ 21-1-601 et seq. (Repl. 2016). The circuit court denied the motion and ACC appealed.
I. Standard of Review
Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure-Civil permits an appeal from an interlocutory "order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official." Bd. of Trs. v. Andrews , 2018 Ark. 12, at 4, 535 S.W.3d 616, 618. The issue of whether a party is immune from suit is purely a question of law and is reviewed de novo. Id.
II. Sovereign Immunity
Article 5 of the Arkansas Constitution is the Legislative Article, which, among other things, outlines the powers, duties, responsibilities, and limitations of the General Assembly. Article 5 section 20 provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." In Andrews , the Board of Trustees of the University of Arkansas argued that it was immune from suit for claims under the Arkansas Minimum Wage Act based on sovereign immunity. Andrews , 2018 Ark. 12, at 2-3, 535 S.W.3d at 618. This court concluded that "the General Assembly cannot waive the State's immunity," and therefore, the statute that provided for the State to be made a defendant in the Act was beyond the scope of legislative powers as defined by the Arkansas Constitution. Id. at 10-12, 535 S.W.3d at 622-23. In reaching that conclusion, we interpreted the constitution "precisely as it reads" and determined that "[t]he drafters of our current constitution removed language from the 1868 constitution that provided the General Assembly with statutory authority to waive sovereign immunity and instead used the word 'never.' " Id. at 10-11, 535 S.W.3d at 622. Regarding our previous decisions, this court specifically stated, "To the extent that other cases conflict with this holding, we overrule those opinions." Id. at 11, 535 S.W.3d at 623.
As in the Minimum Wage Act, under the AWBA if there is unlawful adverse action on behalf of a public employer then the employee may claim injunctive relief, reinstatement, compensation, and attorneys' fees. Ark. Code Ann. § 21-1-605 (Repl. 2016). The General Assembly clearly intended to subject the State to liability under the AWBA. Ark. Code Ann. § 21-1-602(5) (Repl. 2016); Smith v. Daniel , 2014 Ark. 519, at 6, 452 S.W.3d 575, 578-79 (when the General Assembly authorized a suit against a "public employer" it expressly waived sovereign immunity). Per our holding in Andrews , to the extent the legislature subjected the State to liability in the AWBA, it is prohibited by article 5, section 20 of the Arkansas Constitution.
*843 ACC was entitled to judgment as a matter of law, and the circuit court erred when it denied ACC's motion for judgment on the pleadings based on sovereign immunity. We emphasize here, as in Andrews , that the only issue before this court is whether the General Assembly's choice to abrogate sovereign immunity in the AWBA is prohibited by the constitution. We hold that it is. We therefore reverse and dismiss the case
Reversed and dismissed.
Wynne, J., concurs.
Baker and Hart, JJ., dissent.