Karen R. Baker, Justice, dissenting.
I must respectfully dissent for the reasons stated in my dissents in Bd. of Trustees of Univ. of Arkansas v. Andrews , 2018 Ark. 12, 535 S.W.3d 616 and Arkansas Community Correction v. Barnes , 2018 Ark. 122, 542 S.W.3d 841. Further, I must note the majority's footnote cautioning the application of Andrews conflicts with the very language of Andrews. The footnote states:
We caution that Andrews should not be interpreted too broadly. The holding that the legislature may "never" authorize the state to be sued was in the *353 application of the constitutional provision to a statutory act, AMWA, for monetary relief. Since Andrews , this court has not had the occasion to consider other actions against the state such as allegations that state actors are acting outside their constitutional duties, whether acting in a manner that is ultra vires, arbitrary, capricious, in bad faith, or refusing to perform ministerial duties.
Despite the majority's footnote, this simply conflicts with Andrews and illustrates the flaws in Andrews . As I explained in my dissent in Barnes , "[i]f 'never' does indeed mean never, as the majority held in Andrews , and made means cause to become-rather than compelled, as I contended in my dissent in Andrews is the correct interpretation-then this must be the law for everyone, all of the time. The majority is not free to pick and choose when it will apply. 'Never' does not mean unless an attorney for the state has failed to raise the issue, as the majority held in Walther v. Flis Enterprises Inc. , 2018 Ark. 64, 540 S.W.3d 264, nor can it mean unless authorized by the judicial branch or the executive branch rather than the legislative branch. Likewise, 'never' cannot mean except when not ruled on by the circuit court below. The definition of 'never' is 'at no time' Merriam-Webster's Collegiate Dictionary (9th ed.) (1991), or 'not ever; on no occasion; at no time'American Heritage Dictionary (4th ed.) (2000). Thus, because the Arkansas Supreme Court is a 'court' established by the Arkansas Constitution, the State of Arkansas cannot be caused to become a defendant in this court, by this court, or in any other Arkansas court under the reasoning employed by the majority in Andrews . Such an interpretation clearly conflicts with other provisions of the constitution which is a fact the majority conveniently chose to ignore in Andrews ." 2018 Ark. 122, at 5-6, 542 S.W.3d at 843-44. Accordingly, the footnote is of no moment never means never.
Further, I must also note that the majority states-"While the parties ask us to further analyze Walther v. Flis Enterprises, Inc. , 2018 Ark. 64, 540 S.W.3d 264, this is not the case for us to do so." I disagree. This statement demonstrates the flaws in Andrews and its progeny. In my opinion, the majority must address its recent decision in Flis because it directly conflicts with the majority's holding today and with the majority's holding in Andrews . In Flis , the majority held that sovereign immunity is an affirmative defense-"Although sovereign immunity certainly has jurisdictional qualities, this court historically has treated it like an affirmative defense that must be preserved. See Ark. Lottery Comm'n v. Alpha Mktg. , 2012 Ark. 23, at 6, 386 S.W.3d 400, 404 (concluding that the trial court's failure to rule on sovereign immunity prevented appellate review)." Further, as to affirmative defenses, Rule 8(c) of the Arkansas Rules of Civil Procedure states in pertinent part, "In responding to a complaint, counterclaim, cross-claim or third party claim, a party shall set forth affirmatively ... [an] affirmative defense." (Emphasis added.)
As discussed above, in Flis , the majority held that sovereign immunity is an affirmative defense, and to reach this result, the majority relied on Alpha Marketing , which was overruled by Andrews . In short, the majority has managed to tie into a knot the law on sovereign immunity and cannot untangle it. Thus, the majority's understandable reluctance to further analyze its holding in Flis . However, here, ADVA filed its answer to Mallett's complaint on March 13, 2014, and actually conceded that the AMWA waived sovereign immunity. ADVA did not assert that Mallett's claims were barred by the doctrine of sovereign immunity until its September *354 28, 2017 motion to dismiss. In other words, initially, ADVA did not assert sovereign immunity as an affirmative defense; and when it did, it was over three and a half years later. In sum, as discussed above, to further compound the sovereign-immunity debacle, the majority completely ignores its recent decision in Flis .
I dissent.
Hart, J., joins.
Courtney Hudson Goodson, Justice, dissenting.
I did not participate in Board of Trustees of the University of Arkansas v. Andrews , 2018 Ark. 12, 535 S.W.3d 616. Despite my misgivings about the holding in Andrews that legislative waivers of the State's sovereign immunity are incompatible with the Arkansas Constitution, I have adhered to the principles of stare decisis in applying it. See Chamberlin v. State Farm Mutual Auto Ins. Co. , 343 Ark. 392, 36 S.W.3d 281 (2001) (stating that the policy of stare decisis is designed to lend predictability and stability to the law). Nonetheless, the court has struggled in finding a majority that understands the application of Andrews . Because the decision today exacerbates the confusion caused by Andrews , I must respectfully dissent.
The same day Andrews was decided, we also handed down Williams v. McCoy , 2018 Ark. 17, 535 S.W.3d 266. There, the majority recognized that the State could be sued for illegal acts, although it observed in a footnote that the validity of the illegal-actions exception to sovereign immunity remained an open question in the wake of Andrews . In Walther v. FLIS Enterprises, Inc. , 2018 Ark. 64, 540 S.W.3d 264, we held that sovereign immunity is not a matter of subject-matter jurisdiction and is to be treated as an affirmative defense. The plaintiff in FLIS sought judicial relief from a tax assessment pursuant to Arkansas Code Annotated § 26-18-406 (Supp. 2017). Because the parties did not raise the issue of sovereign immunity in the circuit court, we determined that it would be improper to address the issue further. Most recently, we held that a state agency is entitled to the dismissal of claims being brought under the Arkansas Whistle-Blower Act, Arkansas Code Annotated, §§ 21-1-601 et seq. (Repl. 2016). Ark. Cmty. Corr. v. Barnes , 2018 Ark. 122, 542 S.W.3d 841. In Barnes , the agency asserted sovereign immunity in its answer and later filed a motion for judgment on the pleadings seeking dismissal on that basis. Barnes was consistent with FLIS because sovereign immunity was pleaded as an affirmative defense.
Today's decision essentially ignores the teachings of FLIS in that it abandons the holding that sovereign immunity is to be treated as an affirmative defense. Arkansas Rule of Civil Procedure 8(c) requires that a party shall set forth, in its response to a complaint, counterclaim, cross-claim, or third-party claim, "any other matter constituting an avoidance or affirmative defense." The Arkansas Department of Veterans Affairs (ADVA) did not set forth sovereign immunity as an affirmative defense in its answer; rather, it affirmatively stated that the appellees' claims under the Arkansas Minimum Wage Act (AMWA), Arkansas Code Annotated §§ 11-4-201 et seq. (Repl. 2012), were not barred by sovereign immunity. Sovereign immunity is not a Rule 12(h) defense that is waived by the failure to assert it in the original responsive pleading, and notably, ADVA did not amend its answer pursuant to Rule 15. Although ADVA filed a motion to dismiss, its motion was not filed in response to the *355 complaint.[3] In reality, ADVA filed a motion for judgment on the pleadings. See Ark. R. Civ. P.-Civ. 12(c) ("[A]fter the pleadings are closed ... any party may move for judgment on the pleadings."). Thus, ADVA moved for judgment on the pleadings, and those pleadings directly contradict ADVA's asserted basis for dismissal.
The majority here concludes that Andrews controls, and ADVA is entitled to dismissal. The facts in Andrews are distinguishable from those in the present case. In Andrews , the plaintiff filed an AMWA complaint against a state college. The college responded and "pleaded sovereign immunity as an affirmative defense." Andrews , 2018 Ark. 12, at 2, 535 S.W.3d 616. ADVA made no such assertion here. I fear that today's decision vitiates the mandatory pleading requirements set forth in Rule 8 and will open the door for any defendant to assert any affirmative defense at any time during the course of litigation. With today's holding, a defendant could choose to state in its answer that it would not assert a statute-of-limitations defense, which is specifically included in Rule 8(c), and then three years later seek dismissal on that very basis. This outcome does not lend predictability or stability to the law and will undoubtedly create more confusion for the bench and bar.
ADVA also argues that in its answer it specifically reserved its right to assert additional defenses in a motion to dismiss and that it may therefore raise the defense of sovereign immunity at any time. In support of its argument, ADVA cites Wallace v. Hale , 341 Ark. 898, 20 S.W.3d 392 (2000). However, in Wallace , the defendants listed the specific defenses they intended to reserve. Here, ADVA's answer makes only a general statement that it reserves the right to amend the answer or assert additional defenses. Moreover, ADVA did not amend its answer, which affirmatively states that ADVA is not pleading sovereign immunity as to the AMWA claim.
Unfortunately, today's decision further muddies already murky waters. ADVA's motion to dismiss was not the proper vehicle for asserting the affirmative defense of sovereign immunity when the motion was filed more than three years after it had filed its answer that expressly declined to assert sovereign immunity as a defense. Under these circumstances, the circuit court's order should be affirmed.

We have treated affirmative defenses raised in a motion to dismiss as being proper when the motion was filed in response to a complaint. See, e.g. , Amos v. Amos , 282 Ark. 532, 669 S.W.2d 200 (1984) ; Clark v. Ridgeway , 323 Ark. 378, 914 S.W.2d 745 (1996).