HAROLD E. MEEK ET UX *v.* UNITED STATES RUBBER TIRE COMPANY ETC.

5-4508                                         425 S. W. 2d 323

Opinion delivered March 18, 1968

*Harold C. Rains Jr.,* for appellants.

*Daily & Woods,* for appellee.

GEORGE ROSE SMITH, Justice. In 1963 Harold E. Meek and Clint Spencer organized a corporation, M & S Royal Tire Service, Inc., and entered the service station and tire business together. In order to establish the corporation's credit with United States Rubber Company the two men and their wives executed agreements with the latter company, guaranteeing to pay any amounts that might be owed by M & S Royal to United States Rubber Company for merchandise. In 1964 Meek withdrew from M & S Royal and sold his stock therein to Spencer. Thereafter M & S Royal was adjudicated a bankrupt and was discharged of its indebtedness.

United States Rubber Company then brought this action against the Meeks and the Spencers to enforce their guaranties with respect to the unpaid balance of the M & S Royal open account, amounting to $19,546.31. Upon facts established by requests for admissions the trial court granted a motion for summary judgment against all four defendants. The Meeks have appealed, urging three grounds for reversal.

First, it is contended that United States Rubber Tire Company is not the proper plaintiff, because the guaranty agreements were made with United States Rubber Company. The record does not support this contention. The complaint describes the plaintiff as "United States Rubber Tire Company, a Division of United States Rubber Company." There is no indication that United States Rubber Tire Company is a separate corporation. Quite the contrary. The complaint alleges that the defendants executed guaranty contracts with the plaintiff, a corporation. The guaranty contracts themselves, which are exhibits to the complaint, refer only to United States Rubber Company. Thus the complaint and the exhibits, construed together, identify the plain-

tiff as United States Rubber Company. Moreover, the Meeks' answer expressly admits that they executed a guaranty in favor of "the plaintiff." Inasmuch as the plaintiff's status as a corporation was not specifically denied, it must be taken as admitted. Ark. Stat. Ann. § 27-1121 (Repl. 1962). There is at most some slight elaboration of the plaintiff's exact corporate name, but such an error is immaterial when no separate party is actually involved. *Evans* v. *List,* 193 Ark. 13, 97 S. W. 2d 73 (1936).

Secondly, the Meeks argue that United States Rubber Company waived its rights under the guaranty contracts by asserting in its claim in the bankruptcy court that it was an unsecured creditor of M & S Royal. That statement, however, was true, because in bankruptcy law a secured creditor is one who holds a direct or indirect security interest in property of the bankrupt. The existence of a guaranty agreement by a third person, who holds no security interest in the bankrupt's property, does not render the primary creditor "secured." Collier on Bankruptcy, § 1.28 (14th Ed. 1967).

Thirdly, the Meeks insist that their liability under the guaranty contract was discharged when Mr. Meek sold his stock in M & S Royal and withdrew from the business, because in that transaction Meek and Spencer signed an agreement which recited that Spencer assumed the debts of the corporation and agreed to hold Meek "blameless and free" from any such liabilities. The trouble is that United States Rubber Company was not a party to that release and thus was not bound by its provisions. The Meeks argue in substance that United States Rubber Company was bound by the Meek-Spencer contract, because it knew about the transaction and nevertheless continued to deal with M & S Royal. Even so, the record is completely devoid of facts to indicate any conduct on the part of the appellee that would raise an estoppel or otherwise preclude it from enforc-

ing its guaranty contract. We find no merit in this defense.

Affirmed.