Craig and Judith CARRUTH *v.* DESIGN INTERIORS, INC.

95-1279                                              921 S.W.2d 944

Supreme Court of Arkansas
Opinion delivered May 13, 1996
[Petition for rehearing denied June 17, 1996.*]

---

*DUDLEY, J., not participating.

*Shock, Harp & Associates*, by: *David K. Harp*, for appellants.

*Southern & Allen*, by: *Byron S. Southern* and *Spencer R. Robinson*, for appellee.

DAVID NEWBERN, Justice. Design Interiors, Inc., the appellee, sued Craig and Judith Carruth, the appellants, for breach of contract. Damages were awarded to Design Interiors, Inc. The Carruths argue that the judgment must be reversed because there was no proper service of process. We agree with their argument and thus need not address their other points of appeal. The judgment is reversed and the case is dismissed.

In 1989, the Carruths hired Larry Brown, the owner and sole shareholder of Design Interiors, Inc., to decorate their new home. The Carruths orally agreed to pay Mr. Brown $50.00 an hour for his services and cost plus 20% for furniture and decorating items ordered through him. Mr. Brown testified the Carruths also agreed to pay him a $75-per-trip charge to cover his travel to Russellville from his place of business in Tulsa, Oklahoma. The Carruths, however, said they did not agree to the latter charge. The disputed charges were billed by Design Interiors, Inc.

On March 29, 1993, Design Interiors, Inc., filed its complaint against the Carruths. The Carruths moved to dismiss the complaint because it had been served by a constable and thus not in compliance with Ark. R. Civ. P. 4(b). Counsel for Design Interiors, Inc., wrote to counsel for the Carruths stating that the process had been sent to the Pope County Sheriff for proper service.

The record contains a copy of a summons apparently sent by electronic facsimile. The summons is not signed by the Clerk, as is required by Rule 4. The return portion, however, states that it was served upon Craig and Judith Carruth by service upon Judith Carruth on April 7, 1993. The return is signed by the Sheriff and Sgt. M. Briscoe, Deputy.

The Circuit Court held a hearing on a motion for default judgment filed by Design Interiors, Inc. The Court's order denied the motion for default judgment and simultaneously denied the Carruths' motion to dismiss for lack of proper service of process.

■■ The motion to dismiss for failure of service of process should have been granted. Statutory service requirements, being in derogation of common law rights, must be strictly construed and

compliance with them must be exact. *Wilburn v. Keenan Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989); *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978). The same reasoning applies to service requirements imposed by court rules. Proceedings conducted where the attempted service was invalid render judgments arising therefrom void *ab initio*. *Halliman v. Stiles*, 250 Ark. 249, 464 S.W.2d 573 (1971); *Edmonson v. Farris*, 263 Ark. at 508. Actual knowledge of a proceeding does not validate defective process. *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982). According to these principles, both attempts to serve the Carruths were improper.

Reversed and dismissed.

DUDLEY, J., not participating.