BUILDER ONE CARPET ONE *a/d/b/a* Design One Carpet One
*v.* David WILKINS and Janet Wilkins

CA 02–214                                                     128 S.W.3d 828

Court of Appeals of Arkansas
Division IV
Opinion delivered October 22, 2003

*Friday, Eldredge & Clark, LLP,* by: *Bruce B. Tidwell,* for appellant.

*Lewis E. Ritchey,* for appellees.

LARRY D. VAUGHT, Judge. This appeal arises from a default judgment obtained by appellees, David and Janet Wilkins, against appellant, Builder One Carpet One a/d/b/a Design One Carpet One (Carpet One). Previously, we remanded this case for rebriefing. *See Builder One Carpet One v. Wilkins,* CA02-2691 (Ark. App. Sept. 25, 2002). Carpet One filed a motion to set aside the default judgment on the ground that service did not comply with Ark.

R. Civ. P. 4 and therefore the judgment was void. The trial court denied the motion, finding that the service upon appellant complied with Ark. R. Civ. P. 4(d)(5) and was proper. Based on the facts before us, we cannot say that the trial court erred in refusing to set aside the default judgment.

On March 30, 2000, appellees entered into a contract with appellant, in which appellant agreed to install carpet, ceramic tile, and laminate flooring in appellees' home. On March 25, 2001, appellees filed a complaint against appellant alleging that appellant committed fraud and negligence in carrying out the contract. Specifically, they alleged (1) that appellant represented the carpet to be installed as 100% nylon material and that the material installed was 80% olefin and 20% nylon; (2) that the installation of the tile was defective because it was off-center; and (3) that the laminate flooring installation was defective because the material was not acclimated to the environment of the house for forty-eight hours as required by the manufacturer's specifications, that there were gaps between the slats, and that some areas did not have glue and some areas were beginning to crack and flake. The complaint alleged that appellant was an Arkansas corporation with its principal place of business in Pulaski County, Arkansas. The summons and complaint were served upon "Richard Akel/Agent...the duly designated agent for service of process for the defendant namely Builder One Carpet One."

Appellant failed to respond to the complaint, and a default judgment was entered against it on June 15, 2001, in the amount of $10,206.72. On August 13, 2001, appellant filed a motion to set aside the default judgment on the ground that the judgment was void because the attempted service did not comply with Rule 4, alleging that appellant was not a corporation and that Richard Akel was not a "registered agent" of Carpet One. Appellees responded that pursuant to Ark. R. Civ. P. 4(d)(5), service of the summons and complaint may be made upon an officer or partner of a partnership, limited liability company or any unincorporated association subject to suit under a common name. Appellees contended that appellant was presumably an unincorporated association based on appellant's denial that it was a corporation and that Richard Akel was an officer and owner of appellant.

A hearing took place on November 2, 2001, where counsel for the parties argued their respective positions. In addition, through the testimony of Janet Wilkins, several of appellant's

advertisements were introduced, which represented that Richard Akel was an owner and president of Design One Carpet One. At the conclusion of the hearing, the trial court denied the motion to set aside the default judgment and subsequently entered an order finding that service complied with Ark. R. Civ. P. 4(d)(5). From that decision, comes this appeal.

■■ Appellant contends on appeal that because service upon Richard Akel did not comply with Ark. R. Civ. P. 4(d)(5), the trial court erred in refusing to set aside the default judgment. Appellant correctly states the law concerning our construction of the statutory service requirements. Statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Carruth v. Design Interiors, Inc.,* 324 Ark. 373, 921 S.W.2d 944 (1996). The same reasoning applies to service requirements imposed by court rules. *Id.* Proceedings conducted where the attempted service is invalid renders judgments arising therefrom void *ab initio. Id.* Actual knowledge of a proceeding does not validate defective process. *Id.*

Rule 4(d)(5) of the Arkansas Rules of Civil Procedure provides:

> (d) *Personal Service Inside the State.* A copy of the summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made upon any person designated by statute to receive service or as follows:

> . . .

> (5) Upon a domestic or foreign corporation or upon a partnership, limited liability company, or any unincorporated association subject to suit under a common name, by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons.

■ First, appellant argues that service did not comply with Rule 4(d)(5) because Richard Akel does not fall within any of the categories of persons to receive service for the entity named as defendant, "Builder One Carpet One a/d/b/a Design One Carpet One." Although appellant's counsel argued its position, appellant offered no evidence at the hearing on its motion to set aside the

default judgment Appellee Janet Wilkins testified that they unsuccessfully attempted to find out what type of business entity Design One Carpet One operated. Appellees did, however, introduce copies of advertisements wherein Richard Akel held himself out to be president and an owner of "Design One Carpet One." Based on this evidence, we conclude that Richard Akel held himself out to the public as being an officer and owner of the entity called Design One Carpet One and that service upon him was proper pursuant to Rule 4(d)(5).

Appellant also argues that service was not proper because "Builder One Carpet One" was not a corporation as alleged by appellees in their complaint and that without a recognizable entity for which to serve, Richard Akel cannot be a "duly designated agent." Appellant, in its brief, states that a "corporation" known as "Builder One Carpet One" does not exist and that Mr. Akel has no knowledge of or relationship with the alleged corporation. This statement of Mr. Akel's knowledge of or relationship with Builder One Carpet One is not supported by the record because Mr. Akel did not testify at the hearing and argument of counsel is not evidence. In its brief appellant further states:

> In this case, a plain reading of the Complaint reasonably led Mr. Akel to take no action with regard to the Complaint against the phantom entity named as defendant [Builder One Carpet One a/d/b/a Design One Carpet One]. However, the business which he does operate [Design One Carpet One] is now being pursued based upon default judgment entered against a business entity that is a fiction of the Appellees['] imagination. This distinction in the names of the businesses, which led to the erroneous entry of a default judgment, is certainly relevant. Further, as will be explained in more detail herein, such failure to properly name and serve the correct defendant makes the default judgment void.

We disagree with appellant's contention that the plain reading of the complaint would reasonably lead Mr. Akel to take no action.

The record indicates that Richard Akel did receive service of process, although as a representative of an improperly named defendant. The question of misnomer on a complaint in regard to the validity of service of process has not been often addressed in Arkansas. However, the issue has been addressed with regard to service of a writ of garnishment. *See May v. Bob Hankins*

*Distrib.*, 301 Ark. 494, 785 S.W.2d 23 (1990). In *May*, the supreme court stated that when there is some slight elaboration of a party's exact corporation name, such an error is immaterial when no separate party is actually involved. *Id.* (*citing Meek v. U.S. Rubber Tire Co.*, 244 Ark. 359, 425 S.W.2d 323 (1968)). The court went on to state that a misnomer is only fatal when it is so material and substantial as to indicate a different entity or to produce doubts as to the corporation intended to be sued. *Id.* (citing 19 AM. JUR.2d *Corporations* § 2216 (1986)); *see also Winters v. Lewis*, 260 Ark. 563, 542 S.W.2d 746 (1976) (stating that when a defendant is sued under a trade name, the complaint is amendable by alleging and asserting the true name of the individual doing business under that name where the amendment to the complaint only corrected a misnomer and did not substitute a new party).

While *May* involved a corporation and the misnomer consisted of only a slight variation of the corporate name ("Bob Hankins Distributing Company" instead of "Bob Hankins Distributing Company, Inc."), the law set out is still applicable to the present case. The question is whether the misnomer is so material and substantial as to indicate a different entity or produce doubts as to the party intended to be sued.

Although the issue at bar has not been precisely addressed in Arkansas, the Texas Court of Appeals, in a state where strict compliance with service requirements is also required, has upheld service of process where a misnomer existed in a complaint but the intended defendant was served. *See Dezso v. Harwood*, 926 S.W.2d 371 (Tex. Ct. App. 1996) (upholding default judgment based on misnomer); *see also Union Pacific Corp. v. Legg*, 49 S.W.3d 72 (Tex. Ct. App. 2001) (addressing the distinction between misnomer and misidentification of a defendant and reversing a default judgment where defendant was misidentified and the wrong defendant served).

In *Dezso*, the appellant Elsie Dezso was served with a complaint naming Judi Dezso, followed by several d/b/a names, none of which included the name Elsie Dezso. A default judgment was obtained against her for failing to respond, and she argued on appeal that because her name was not on the complaint, she was not a party to the suit, and therefore jurisdiction was not proper given the requirement of strict compliance with manner and mode of service of process. The court stated:

When the correct defendant is served under the wrong name the case is not one of misidentification but rather misnomer. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex.1990); *Adams v. Consolidated Underwriters*, 133 Tex. 26, 124 S.W.2d 840, 841 (1939); *West v. Johnson*, 129 S.W.2d 811, 815 (Tex.Civ.App.—Fort Worth 1939, writ ref'd); *Haley v. Young*, 541 S.W.2d 217, 219 (Tex.Civ.App.—Houston 1976, no writ).The supreme court in *Adams* explained the misnomer rule:

> When a person intended to be sued is sued and served by a wrong name, and such person fails to appear and plead such misnomer in abatement, and suffers judgment to be obtained, he is bound by such judgment, and in all future litigation he may be connected with such suit or judgment by proper averments; and when such averments are made and proved, the party intended to be named in the judgment is affected or concluded to the same extent that he would have been if he had been named and served by his true name.

*Adams*, 124 S.W.2d at 841. As the court in *West* stated, "The test seems to be whether or not the right person was sued, and whether or not he was put on notice that he, and not some other person, had been sued." *West*, 129 S.W.2d at 815.

*Id.* at 374.

■ Applying the law of misnomer to the present case, we conclude that the misnomer was not fatal because, based on the pleadings and service, Design One Carpet One could not have been misled nor could the misnomer have produced doubts that Design One Carpet One was the intended defendant of appellees' suit involving the defective installation of flooring in their home. It is apparent that Design One Carpet One was the intended defendant and was simply misnamed "Builder One Carpet One a/d/b/a Design One Carpet One" because appellees were unable to identify the form of business that Design One Carpet One operated. Appellees used the d/b/a "Design One Carpet One" throughout the complaint, and appellees introduced evidence at the hearing on appellant's motion to set aside that Design One Carpet One was a member of the Better Business Bureau of Arkansas, Inc. (BBB), and that the BBB records indicated that it was a member, that Richard Akel was the owner, and that the "company is affiliated with Builders One—Carpet One." In

addition, Richard Akel was identified as the president and owner of Design One Carpet One in public advertisements. Because the misnomer was not fatal and Richard Akel was a proper person to receive service of process for Design One Carpet One, we hold that the service of process in this case was valid and that the trial court did not err in refusing to set aside the default judgment.

Affirmed.

CRABTREE and BAKER, JJ., agree.