Kevin SHOTZMAN and Holly Shotzman *v.* Mike BERUMEN III, M.D.; Laura Dawkins, R.N.; Glenda Welty, R.N.; Diana Colley, R.N.; Sisters of Mercy Liability Fund; Shandra Hall, R.N.; Sisters of Mercy of the St. Louis Regional Community, Inc.; St. Edward Mercy Medical Center; and Sisters of Mercy Health System

04-1180                                    213 S.W.3d 13

Supreme Court of Arkansas
Opinion delivered September 15, 2005

*Haskins & Gregan*, by: *Jacquelyn C. Gregan;* and *Eubanks, Baker & Schulze*, for appellants.

*Wright, Lindsey & Jennings LLP*, by: *Edwin L. Lowther, Jr.*; and *Thompson & Llewellyn, P.A.*, for appellees St. Edward Mercy Medical Center, Glenda Welty, R.N. and Diana Colley, R.N.

Tom Glaze, Justice. This appeal arises from the dismissal with prejudice of a medical malpractice complaint filed by the appellants, Kevin and Holly Shotzman. On December 4, 2000, the Shotzmans filed a medical negligence complaint against the following defendants: Mike Berumen III, M.D.; Shandra Hall, R.N.; Laura Dawkins, R.N.; Glenda Welty, R.N.; Diana Colley, R.N.; Sisters of Mercy of the St. Louis Regional Community, Inc. d/b/a St. Edwards Mercy Medical Center; St. Edward Mercy Medical Center;

and John Does 1, 2, and 3. The Shotzmans subsequently filed a motion for a voluntary non-suit with respect to defendants Laura Dawkins and Glenda Welty; the circuit court granted the Shotzmans' motion on July 31, 2001. Nearly a year later, the Shotzmans later moved to dismiss the entire action without prejudice, and the trial court granted the motion on July 22, 2002.

On April 16, 2003, the Shotzmans refiled their medical malpractice claim, renaming the above-listed defendants and naming, in addition, Sisters of Mercy Health System, St. Louis, Inc. d/b/a St. Edward Mercy Medical Center; and the Sisters of Mercy Liability Fund.

On the same day the complaint was filed, April 16, 2003, the Sebastian County Circuit Clerk issued a number of summonses to be served in the lawsuit. Deputy Sheriff Roy Shermer of the Sebastian County Sheriff's Office delivered a number of those summonses to St. Edward Mercy Medical Center (SEMMC or "St. Edward") at 7301 Rogers Avenue in Fort Smith. When Shermer presented the summonses to Eileen Kradel, Vice President for Compliance and Safety at SEMMC, Kradel accepted service for nurses Welty and Colley, because the two nurses were employed by the hospital. However, Kradel refused to accept a summons on behalf of SEMMC, because the named defendant on the summons was "Sisters of Mercy of the St. Louis Regional Community, Inc. d/b/a St. Edward Mercy Medical Center," on whose behalf Kradel had no authority to accept service; in addition, the return accompanying that particular summons contained a statement that the summons was directed to "Sisters of Mercy of the St. Louis Regional Community, Inc. d/b/a St. Edward Mercy Medical Center." Shermer made the following notation on that return: "Unable to serve. The agent for service was not able to accept service on behalf of the defendant Sisters of Mercy of the St. Louis Regional Community, Inc."

Despite its refusal to accept service, St. Edward filed an answer on May 9, 2003, on behalf of itself and nurses Welty and Colley. In its answer, SEMMC specifically raised the defenses of lack of jurisdiction over the subject matter, lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process. *See* Ark. R. Civ. P. 12(b).

In the following months, the circuit court entered orders dismissing with prejudice Dr. Berumen, Nurse Dawkins, and the Sisters of Mercy of the St. Louis Regional Community, Inc., on

the grounds that none of those defendants had ever been served.[1] On September 15, 2003, the court entered an order granting the motion to dismiss filed by Nurse Welty. In this order, the court found that the Shotzmans' initial complaint as to Welty had been dismissed on July 31, 2001. Because the complaint against her was not refiled until April 16, 2003, after the one-year savings statute had expired, the court concluded that the complaint against Welty must be dismissed with prejudice.

SEMMC filed a motion to dismiss the complaint against it on December 1, 2003, arguing that the Shotzmans had not served a copy of the summons and complaint on it within 120 days of the filing of the April 16, 2003, complaint. Following a hearing on January 6, 2004, and a telephone conference call on January 8, 2004, the trial court granted SEMMC's motion to dismiss. The court noted that the rules governing service of process require strict compliance, and because the Shotzmans had not strictly complied with those rules, the court had not acquired jurisdiction over the Shotzmans' claims against SEMMC. Further, because this was the second dismissal, it was with prejudice. On February 19, 2004, the trial court entered an order granting the motion to dismiss filed by nurses Welty and Colley.

Following the trial court's dismissal of the complaint against SEMMC, the Shotzmans appealed to the court of appeals. However, as there had been no order dismissing the John Doe defendants, the court of appeals held that there was no final order pursuant to Ark. R. Civ. P. 54(b) and dismissed the appeal on May 6, 2004.

On May 7, 2004, the Shotzmans filed a motion for reconsideration in circuit court, asking that court to reconsider three of its orders: 1) the order of January 9, 2004, dismissing SEMMC; 2) the order of September 15, 2003, dismissing Glenda Welty; and 3) the order of February 19, 2004, dismissing Welty and Diana Colley. The Shotzmans also filed a motion to amend the summons for SEMMC. The trial court denied both of these motions at a

---

[1] The court also granted the motion for summary judgment filed by Sisters of Mercy Health System, Inc., finding that Sisters of Mercy Health System was nothing more than the parent corporation of SEMMC. As the Shotzmans presented no proof that would support a finding that Sisters of Mercy Health System and SEMMC were engaged in a joint venture, the court concluded that summary judgment for Sisters of Mercy was appropriate.

hearing held on August 24, 2004, and entered an order dismissing the John Doe defendants on August 27, 2004. From these orders, the Shotzmans have appealed.

In their first point on appeal, the Shotzmans argue that the summonses issued in this case complied with Ark. R. Civ. P. 4. Rule 4(b), governing the service of process, provides as follows:

> The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the court; contain the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise the address of the plaintiff; and the time within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint.

At issue is whether the Shotzmans' summons to SEMMC "contain[ed] the names of the parties" and was "directed to the defendant."

Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001); *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982). Our case law is equally well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *See Smith*, *supra*; *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996); *Wilburn v. Keenan Companies, Inc.*, 298 Ark. 461, 768 S.W.2d (1989). This court has held that the same reasoning applies to service requirements imposed by court rules. *Carruth*, *supra*; *Wilburn*, *supra*. Thus, the technical requirements of a summons set out in Ark. R. Civ. P. 4(b) must be also construed strictly and compliance with those requirements must be exact. *Smith*, *supra*; *Thompson v. Potlatch Corp.*, 326 Ark. 244, 930 S.W.2d 355 (1996) (citing *Carruth*, *supra*, which held that the motion to dismiss for failure of service of process should have been granted where the summons was not signed by the clerk as required by Rule 4(b)).

In their brief, the Shotzmans first address the question of whether there was compliance with the third requirement of Rule 4(b), i.e., whether the summons contained the name of the parties.

In this case, the challenged summons listed, among other defendants' names, a party named "Sisters of Mercy of the St. Louis Regional Community, Inc. d/b/a St. Edward Mercy Medical Center." Just below these names, under a heading captioned "Defendant's Address" was the following:

ST. EDWARD MERCY MEDICAL CENTER
7301 Rogers Avenue
Fort Smith, Arkansas 72903

The Shotzmans contend that these two pieces of information, taken together, sufficiently "contain[ed] the names of the parties," in accordance with Rule 4(b). They assert that "no reasonable person could look at the summons and conclude that St. Edward Mercy Medical Center was not a party to the litigation."

The Shotzmans rely heavily on the case of *Builder One Carpet One v. Wilkins*, 83 Ark. App. 252, 128 S.W.3d 828 (2003), in support of their contention that the failure to list SEMMC as a defendant was merely a "misnomer." In *Builder One Carpet One*, the plaintiffs filed a complaint against "Builder One Carpet One," serving the summons and complaint on "Richard Akel/Agent . . . the duly designated agent for service of process for the defendant, namely Builder One Carpet One." *Builder One Carpet One*, 83 Ark. App. at 254. The defendant failed to answer the complaint, and the trial court entered a default judgment against Builder One. Builder One filed a motion to set aside the default judgment, arguing that the judgment was void because the attempted service did not comply with Rule 4, and asserting that "Builder One Carpet One" was not a corporation and that Richard Akel was not a registered agent for Builder One. The trial court denied the motion, and Builder One appealed.

■ On appeal, the court of appeals discussed the question of misnomer on a complaint in regard to the validity of service of process, citing *May v. Bob Hankins Distributing Co.*, 301 Ark. 494, 785 S.W.2d 23 (1990), as follows:

> In *May*, the supreme court stated that when there is some slight elaboration of a party's exact corporation name, *such an error is immaterial when no separate party is actually involved. Id.* (citing *Meek v. U.S. Rubber Tire Co.*, 244 Ark. 359, 425 S.W.2d 323 (1968)). The court went on to state that a *misnomer is only fatal when it is so material and substantial as to indicate a different entity or to produce doubts as to the*

> corporation intended to be sued. *Id.* (citing 19 Am. Jur. 2d *Corporations*
> § 2216 (1986)); *see also Winters v. Lewis,* 260 Ark. 563, 542 S.W.2d
> 746 (1976) (stating that when a defendant is sued under a trade
> name, the complaint is amendable by alleging and asserting the true
> name of the individual doing business under that name where the
> amendment to the complaint only corrected a misnomer and did
> not substitute a new party).

*Id.* at 257 (emphasis added).

The Shotzmans argue that the use of the name "Sisters of Mercy of the St. Louis Regional Community, Inc. d/b/a St. Edward Mercy Medical Center" was simply a "misnomer," and that SEMMC did appear in the caption. Further, they assert that there could have been no confusion as to whether SEMMC was being sued, as its name appeared on the face of the summons, and because the complaint served with the summons made claims against SEMMC.

■ However, the Shotzmans fail to acknowledge the import of the language from *May* and *Builder One* wherein this court and the court of appeals held that a misnomer is fatal when "it is so material and substantial as to indicate a different entity or to produce doubts as to the corporation intended to be sued." In the instant case, the misnomer actually does "indicate a different entity." It is undisputed that SEMMC is a corporate entity distinct from Sisters of Mercy of the St. Louis Regional Community. According to the Shotzmans' own complaint, Sisters of Mercy of the St. Louis Regional Community is a foreign corporation authorized to do business in Arkansas; its registered agent for service is the Corporation Company in Little Rock. SEMMC, on the other hand, is an Arkansas corporation located in Fort Smith, and its agent for service is also located in Fort Smith. Further, in its answer, Sisters of Mercy denied in its answer that it was "doing business in Arkansas or elsewhere as St. Edward Mercy Medical Center." Because Sisters of Mercy and SEMMC are entirely separate corporate entities, the Shotzmans' "misnomer" is fatal because it was "material and substantial [enough] to indicate a different entity or to produce doubts as to the corporation intended to be sued." *Builder One,* 83 Ark. App. at 257 (citing *May v. Bob Hankins Distrib.,* 301 Ark. at 500).

This conclusion is further supported by the testimony of Eileen Kradel, SEMMC's Vice President for Compliance and

Patient Safety, who stated that she refused to accept the summons pertaining to the Sisters of Mercy of the St. Louis Regional Community, Inc., because she had no authority to accept service on behalf of the foreign corporation with which she had no connection. She further stated that she refused service because she did not see SEMMC as a separate defendant in the caption of the summons, and because the return that Deputy Sheriff Shermer had was for Sisters of Mercy of the St. Louis Regional Community d/b/a SEMMC.

■ Clearly, Sisters of Mercy and SEMMC are not the same entity, and, under *May* and *Builder One*, the Shotzmans' nomenclature on the summons "indicate[d] a different entity or . . . produce[d] doubts as to the corporation intended to be sued." *Builder One*, 83 Ark. App. at 257. As described above, the party name contained on the summons was not St. Edward Mercy Medical Center, but Sisters of Mercy of the St. Louis Regional Community, Inc. d/b/a St. Edward Mercy Medical Center. Because these are not the same entity, SEMMC was not named on the summons.

The Shotzmans suggest that this court has held that not every party name need be contained on the face of the summons. Citing *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004), they contend that this court has rejected the argument that Rule 4 requires "a listing of every plaintiff and every defendant on every summons, no matter how many plaintiffs and defendants are parties to the case." However, *Nucor* is factually distinguishable from the present case. In *Nucor*, Nucor Corporation attempted to have a default judgment against it set aside, arguing that the summons directed to it was defective because it omitted the names of two other defendants. The trial court denied Nucor's motion, and Nucor appealed, asserting that the trial court erred in concluding that the default judgment was not void due to insufficiency of process and insufficiency of service of process.

In affirming, this court noted that the summons listed the defendants as "Nucor Corporation, *et al.*," and the complaint listed the defendants as "Nucor Corporation, Roderick Warren, individually, and John Doe." Nucor argued that the summons was deficient because it did not identify all of the defendants. This court rejected that argument, writing as follows:

Citing [*Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003)], Nucor contends that the default

judgment in this case is void because the summons failed to comply exactly with Rule 4 of the Arkansas Rules of Civil Procedure. We disagree. In *Moncrief, supra,* the party at issue, Sidney Moncrief Pontiac, Buick, GMC Company was incorrectly identified in the summons. In this case, Nucor, the party at issue, was correctly identified in the summons. Nucor does not contend that it was incorrectly identified in the summons; rather, Nucor contends that "other defendants" were incorrectly identified.

. . . .

A literal interpretation of the requirement that the summons "contain the names of the parties" would require a listing of every plaintiff and every defendant on every summons, no matter how many plaintiffs and defendants are parties to the case. We reject this interpretation of Rule 4(b). *Nucor, the party at issue, was correctly identified in the summons.* In no way did the form of the summons fail to apprise Nucor of the pendency of the suit and afford it an opportunity to be heard. Indeed, Nucor makes no such argument. We hold that the summons was not fatally defective.

*Nucor,* 358 Ark. at 122-23 (emphasis added).

■ ■ Here, unlike the situation in *Nucor,* the party at issue, SEMMC, was not correctly identified on the summons. This court has been consistent in holding that the technical requirements of Rule 4(b) must be construed strictly, and compliance with those requirements must be exact. *See Smith v. Sidney Moncrief, supra; Thompson v. Potlatch Corp., supra.* The reason for this rule is that service of valid process is necessary to give a court jurisdiction over a defendant. *Tucker v. Johnson, supra* (overruled on other grounds by *Southern Transit Co. v. Collums,* 333 Ark. 170, 966 S.W.2d 906 (1998)). The purpose of the summons is to apprise a defendant that a suit is pending against him and afford him an opportunity to be heard. *Id.* Without valid service of process, the trial court never acquired jurisdiction over SEMMC; therefore, the trial court did not err in granting SEMMC's motion to dismiss.

The Shotzmans raise an additional argument, wherein they suggest that they complied with the fourth requirement of Rule 4(b), namely, that the summons be "directed to" the defendant. The Shotzmans assert that there is no requirement that SEMMC's name be contained after the language on the summons that says "THE STATE OF ARKANSAS TO DEFENDANT(S)," con-

tending that Rule 4 only requires that the summons be "directed to" the defendant. Because SEMMC was listed under the heading "Defendant's address," the Shotzmans urge, they sufficiently complied with the rule. In essence, they urge that "to direct to" is the same as "to include an address for."

■ The Shotzmans state that "no rule requires that the name of the defendant follow that language or even that that explicit language appears in the summons at all." However, this argument is contradicted by this court's adoption of the Official Form of Summons on May 24, 2001,[2] wherein the court provided that the form was "adopted . . . *for use in all cases* in which personal service is to be had pursuant to Rule 4(c), (d), and (e) of the Arkansas Rules of Civil Procedure." *In re Implementation of Amend. 80: Amendments to Rules of Civ. Proc.*, 345 Ark. Appx. 606, 611 (2001) (emphasis added). The language of the official form includes the phrase "THE STATE OF ARKANSAS TO DEFENDANT:_____." We are unwilling to conclude that this phrase is nothing more than surplus verbiage, or that it is unnecessary for a plaintiff to fill in the blank to identify the defendant.

■ Finally, the Shotzmans point out that there was "some dispute as to the return." They concede that the record "does not contain a return of service with the name 'St. Edward Mercy Medical Center' on it," and that the return with the summons that was purportedly directed to SEMMC had the name of the Sisters of Mercy of the St. Louis Regional Community, Inc. on it. However, they assert that these defects were not fatal because: 1) it was a misnomer, and the right entity was served; and 2) Rule 4(i) does not mandate dismissal for failure to file a return of service. As to their first argument, it suffices to repeat that it is clear that their mistake in naming the defendant was not merely a misnomer, and the "right entity" was not served. And as for the second, the dismissal was not simply for the failure to file a return; it was for the failure to effect proper service at all. Thus, there is no merit to any of the Shotzmans' arguments.

In their second point on appeal, the Shotzmans argue that, even if there had not been good service on SEMMC, the hospital waived the issue in its answer. They contend that Arkansas is a

---

[2] The Official Form was adopted on May 24, 2001, and was effective on July 1, 2001.

fact–pleading state, and as such, their mere assertion of an objection to sufficiency of process and service of process is insufficient to raise and preserve the issue. Here, they rely on *Southern Transit Co. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998), and *Higgins v. Burnett*, 349 Ark. 130, 76 S.W.3d 893 (2002), to argue that SEMMC did not sufficiently raise the defense of insufficiency of process.

█ Rule 12(b) of the Arkansas Rules of Civil Procedure provides that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading thereto, except that the following (among others) may, at the option of the pleader, be made by motion: lack of jurisdiction over the person, Ark. R. Civ. P. 12(b)(2); insufficiency of process, Rule 12(b)(4); and insufficiency of service of process, Rule 12(b)(5). Rule 12(h) governs the waiver or presentation of certain defenses, and provides in relevant part as follows:

> A defense of lack of jurisdiction over the person . . . , insufficiency of process, [or] insufficiency of service of process . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in the original responsive pleading.

Ark. R. Civ. P. 12(h)(1). This court has held that, when a party elects the option of asserting the defense of insufficiency of process and insufficiency of service of process in its original responsive pleading, it has preserved those defenses under Rule 12(h). *See Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993).

In the present appeal, the Shotzmans argue that SEMMC should have pointed out specifically the manner in which they failed to satisfy the requirements of the service provisions of Rule 4. Here, they cite and rely on Wright & Miller, *Federal Practice and Procedure: Civil* 2d § 1353 (1990), as well as two federal cases: *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807 (8th Cir. 1986), and *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394 (7th Cir. 1993). In *Photolab*, the Eighth Circuit held that the objection to insufficiency of process "must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Photolab*, 806 F.2d at 810.

█ However, there is no reported Arkansas case that promulgates such a requirement. While it is true that this court has

held that the "mere denial of a factual allegation is not equivalent to stating facts sufficient to support a legal defense," *see Higgins*, 349 Ark. at 132, that case presents significantly different facts from those in the instant case. In *Higgins*, the defendant, Burnett, filed an answer that simply denied each paragraph of the complaint; the answer raised no affirmative defenses, and did not reserve the right to plead further. *Id.* at 131. Fourteen months later, Burnett moved to dismiss on the grounds that venue was improper. The trial court granted the motion, but this court reversed and remanded, holding that the trial court erred in addressing a defense asserted by Burnett that had been waived under Rule 12, stating that, "[b]ecause [Burnett] did not raise [his] valid defense of improper venue in the answer, or by motion filed prior to or simultaneously with the answer, we hold that the defense was waived." *Id.* Further, this court rejected Burnett's argument that he raised the defense by denying, in his answer, the plaintiff's factual allegation that venue was proper in Faulkner County.

A similar result was reached in *Southern Transit Co. v. Collums, supra.* In that case, the plaintiff, Collums, mailed a copy of the complaint and summons to Southern Transit's agent for service, but the summons was improperly directed to another defendant, Bruce Peek. After Collums sought a default judgment against it, Southern Transit filed an answer, arguing for the first time that the default judgment should not be granted because the summons was improperly directed to Peek, instead of Southern Transit. The trial court granted the default judgment, and Southern Transit appealed.

On appeal, this court held that Southern Transit would have prevailed on its failure-of-service argument, because Collums had not strictly complied with the technical requirements of Rule 4. However, the court concluded that Southern Transit had waived the defense by failing to raise the argument in either the answer or a motion filed simultaneously with the answer. Southern Transit argued that it raised the defense in its answer when it denied Collums's assertions in the complaint that the court had jurisdiction over the parties, but this court, as in *Higgins*, rejected that argument, writing as follows:

> Similar to this case, in *Kolb v. Morgan*, 313 Ark. 274, 854 S.W.2d 719 (1993), the defendants argued that they had preserved their legal challenge to the issuance of attorney's fees by generally denying the

paragraph of the complaint that contained an allegation that the plaintiff was entitled to attorney's fees. We explained that "[a] denial of a material allegation is generally thought to be a denial of [a] material factual allegation, see ARCP Rule 8(b), while avoidance of a claim because of operation of law is generally thought to require the filing of an affirmative defense, see ARCP Rule 8(c)." *Id.* . . . *Kolb* . . . clearly established that the mere denial of a factual allegation is not equivalent to stating facts sufficient to support a legal defense.

. . . .

. . . Southern Transit cites *Farm Bureau Mutual Ins. Co. v. Campbell,* 315 Ark. 136, 865 S.W.2d 643 (1993), in support of its contention that such a general denial contained in the answer is sufficient. This argument, however, is misplaced because in *Campbell, supra,* Farm Bureau asserted the insufficiency-of-process defense in a separate paragraph of its answer, instead of making a general denial of personal jurisdiction as in this case.

*Southern Transit,* 333 Ark. at 176-77.

In *Farm Bureau,* the Campbells filed a complaint against Farm Bureau, but failed to serve the insurer, instead mailing only a "courtesy copy" of their complaint, without summons, to Farm Bureau's attorney. Farm Bureau filed an answer denying the allegations in the complaint, "but at the same time, reserved its objection to the court's lack of jurisdiction and the Campbells' insufficient service of process." *Farm Bureau,* 315 Ark. at 138. Farm Bureau subsequently filed a motion to dismiss for failure to serve a summons within 120 days, and the trial court granted the motion, noting that Farm Bureau had specifically raised that particular ground for dismissal in its answer to the complaint. *Id.* at 139. This court affirmed the trial court's dismissal, agreeing that Farm Bureau had specifically preserved its objection to the sufficiency of service of process in its answer. *Id.* at 140-41.

As mentioned above, SEMMC's answer to the Shotzmans' complaint specifically raised the defenses of insufficiency of process and service of process. These objections raised by SEMMC in this case are identical to those raised — and found acceptable — in the *Farm Bureau* case. As such, SEMMC did not waive its 12(b)(4) and (5) defenses.

The Shotzmans next argue that the trial court erred in denying their motion to amend the summonses. After the trial court dismissed the complaint against SEMMC, the Shotzmans

filed a motion to amend the summons on May 7, 2004. In that motion, they suggested that amending the summons would not prejudice the substantial rights of SEMMC, and they attached a proposed summons to SEMMC that comported with the Official Form of Summons promulgated by this court in 2001. The trial court denied their motion, and on appeal, the Shotzmans argue that this decision was an abuse of the trial court's discretion.

Rule 4(h) provides that a trial court may, in its discretion, permit a party to amend the summons at any time "unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the summons is issued." Ark. R. Civ. P. 4(h). The Shotzmans contend that the trial court abused its discretion in denying their motion, because SEMMC can show no prejudice arising from the proposed amendment of the summons.

However, at the time the Shotzmans filed their motion to amend summons, they still had not obtained valid service on SEMMC. Service of valid process is necessary to give a trial court jurisdiction over a defendant. *See Nucor, supra; see also Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 214, 979 S.W.2d 885, 887 (1998) ("Service of process or a waiver of that service is necessary in order to satisfy the due process requirements of the United States Constitution."). Therefore, the trial court did not have jurisdiction to entertain the Shotzmans' motion to amend the summons intended for SEMMC, and so did not abuse its discretion in denying the motion. *See Kangas v. Neely*, 346 Ark. 334, 57 S.W.3d 694 (2001); *Holland v. Lefler*, 80 Ark. App. 316, 95 S.W.3d 815 (2003).

In their fourth point on appeal, the Shotzmans argue that the trial court erred in dismissing nurse defendants Welty and Colley, because the savings statute should have applied. They advance two arguments in support of this point: 1) the trial court's order granting their Rule 41 motion to nonsuit was not a final order under Ark. R. Civ. P. 54(b); and 2) the court erred in agreeing with the nurses' argument that the first amended complaint, filed on December 29, 2003, operated as an abandonment of the Shotzmans' claims against the nurses.

With respect to the first subpoint, the Shotzmans assert that the issue is when their nonsuit was suffered. The original complaint in this case was filed on December 4, 2000; the Shotzmans filed a motion for nonsuit as to defendant Welty, and that motion was granted on July 31, 2001. In addition, the Shotzmans later filed

a motion to dismiss without prejudice the suit against the remaining defendants, including Colley, and that motion was granted on July 22, 2002. The Shotzmans refiled their suit against all defendants, including both Welty and Colley, on April 16, 2003. Welty filed a motion to dismiss the complaint as to her; the trial court granted the motion on September 15, 2003, finding that the Shotzmans' refiling of the complaint on April 16, 2003, was more than one year after the Shotzmans nonsuited their complaint regarding Welty on July 31, 2001. Welty and Colley moved together to dismiss the complaint as to them on January 20, 2004, and the trial court entered an order dismissing both Welty and Colley on February 19, 2004, finding that the Shotzmans had failed to timely respond to their motion to dismiss.

On appeal, the Shotzmans note that, under Ark. Code Ann. § 16-56-126 (1987), a plaintiff who has filed a timely action and suffered a nonsuit may refile within one year. The question, they submit, is when the nonsuit is suffered. The Shotzmans argue that the nonsuit could not have been suffered until there was a final order of dismissal; there was no such order, they contend, until the trial court dismissed the John Doe defendants on August 27, 2004.

The Shotzmans appear to have merged Rule 54(b), which addresses the finality of orders for purposes of preventing piecemeal appeals, with Ark. R. Civ. P. 41 and § 16-56-126, which, taken together, allow parties to voluntarily dismiss their actions and then refile them within one year. However, we do not address the argument further, because the Shotzmans cite no authority in support of their argument that Rule 54(b) applies to orders granting nonsuits under Rule 41. This court has consistently held that it will not consider assignments of error that are unsupported by convincing authority. *Holcombe v. Marts*, 352 Ark. 201, 99 S.W.3d 401 (2003); *Bonds v. Carter*, 348 Ark. 591, 75 S.W.3d 192 (2002); *Hurst v. Holland*, 347 Ark. 235, 61 S.W.3d 180 (2001); *Ark. Pub. Defender Comm'n v. Greene County*, 343 Ark. 49, 32 S.W.3d 470 (2000).

In a second subpoint, the Shotzmans raised a somewhat confusing argument in which they assert that the nurses wish to treat the first amended complaint, filed December 29, 2003, as an implied second nonsuit. Here, they state simply that the "first amended complaint is not a nonsuit," and that there is no order

granting a nonsuit to Welty and Colley. Again, however, the Shotzmans cite no authority in support of this argument. Therefore, we do not consider it.

Finally, the Shotzmans raise a fifth point on appeal wherein they urge this court to abandon its strict construction of the language of a summons "when there is no issue of a default judgment or substituted service." They note that the purpose of the Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action," *see* Ark. R. Civ. P. 1, and further point out that Ark. R. Civ. P. 61 provides that the courts "must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." They maintain that this court's requirement of strict technical compliance with Rule 4 is "archaic," and they cite *Ford Life Insurance Co. v. Parker*, 277 Ark. 516, 644 S.W.2d 239 (1982), and *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982), in support of their assertion that this court has previously required only "substantial compliance" with the service requirements of Rule 4.

These arguments can be quickly rejected. First, to the extent that they hold that substantial compliance is sufficient, both *Parker* and *Tucker* have been overruled. *See Southern Transit Co. v. Collums, supra.* In addition, the Shotzmans' argument regarding Rule 61 is not well taken. Rule 61, as mentioned above, requires a court to disregard errors and defects when they do not "affect the substantial rights of the parties." However, when proper service has not been effected, a court does not and cannot acquire jurisdiction over a defendant. It is impossible to say that a party's substantial rights have not been affected when that party is being haled into a court that has no jurisdiction over him or her.

But for the erstwhile examples of *Parker* and *Tucker*, this court has never wavered in its determination that the rules governing service must be construed and followed strictly. We will not do so now.

Affirmed.