Paul E. Danielson, Justice, dissenting. I respectfully dissent. The majority errs in its holding that McCain Mall has an adequate remedy in this case via interlocutory appeal. On January 7, 2016, McCain Mall filed the petition for writ of certiorari to the Circuit Court of Pulaski County. The next day, on January 8, 2016, McCain Mall lodged a record in case number CV-16-26 and a briefing schedule was issued. On January 13, 2016, McCain Mall filed a motion to stay briefing pending the outcome of the petition for writ of certiorari, which this court granted on February 11, 2016. On January 28, 2016, we took the petition for writ of certiorari as a case and briefing was commenced. McCain Mall contends that the summons is defective because it contains the name of a nonparty in the caption and .therefore does not strictly comply with Arkansas Rule of Civil Procedure 4(b). McCain Mall asserts that because of this alleged defect on the face of the summons, there was no service of valid process and the circuit court lacked jurisdiction to hear the claim in this case. Arkansas law is well settled that service of valid process is ^necessary to give a court jurisdiction over a defendant. Shotzman v. Berumen, 363 Ark. 215, 213 S.W.3d 13 (2005); Smith v. Sidney Moncrief Pontiac, Buick, GMC . Co., 353 Ark, 701, 120 S.W.3d 525 (2003); Raymond v. Raymond, 343 Ark. 480, 36 S.W.3d 733 (2001). This court has specifically stated that certiorari is appropriate when a party claims that a lower court did not have jurisdiction to hear a claim. Chiodini v. Lock, 373 Ark. 88, 281 S.W.3d 728 (2008) (citing Kraemer v. Patterson, 342 Ark. 481, 29 S.W.3d 684 (2000)). Because McCain Mall is claiming that the circuit court did not have jurisdiction to-hear the claim, certiorari would be the appropriate remedy. The majority denies the petition for writ of certiorari on the ground that McCain Mall has an adequate remedy via appeal. I disagree. The threshold issue to be decided in this case is whether the circuit court had jurisdiction to hear the claim. In this case, a determination by this court that the summons was defective and that the circuit court lacked jurisdiction to hear the claim would be dispositive of the entire ease. Therefore, the issue of whether the circuit court had jurisdiction to hear the claim is squarely before us at this time. We dó not know if this issue will be before us on appeal. The majority implies that because the pending appeal is interlocutory in nature, McCain Mall has an adequate remedy. I disagree. If the circuit court lacked jurisdiction-to hear the-claim, then we lack jurisdiction to hear the pending appeal, whether interlocutory or not. Therefore, a writ of certiorari is the only adequate remedy available to McCain Mall in this case. [ ¡^Furthermore, we accepted this petition for writ of certiorari as a case and a briefing schedule was issued. We stayed the briefing schedule on the pending appeal so that we could address the petition for writ of certiorari. This court should not have taken this matter as a case and stayed briefing on the pending appeal to then have the majority reverse course and hold that we should wait to hear the appeal. Doing so in this particular case has caused an unnecessary delay in briefing the appeal, which is a lengthy process. For this court to wait on the appeal when the issue could potentially be disposed of at this time is a waste of time and resources and defeats the purpose of-certiorari. It is my opinion that we should decide the jurisdictional issue at this time rather than wait to hear an appeal. Moreover, we should address this matter now because there is an issue of whether the summons format used by the Arkansas Judiciary Contexte Court Case Management and eFlex Electronic Filing systems strictly complies with Rule 4(b). Long asserts that McCain Mall cannot claim error on the face of the summons because the Pulaski County Circuit Clerk used these electronic filing systems in generating the summons. If there is a problem with the summons format used by these systems, causing summonses generated by these systems to be defective across the board, then we should address this issue now to avoid any further defective summonses from being issued. While I am not expressing an opinion on the merits of the writ in this dissent, I would not deny .the writ to await the appeal; rather, I would decide the jurisdictional issue at this time.