Following the hearing, the trial court granted the termination petition. The order states, "The mother was served pursuant to Rule 5, specifically the mother was served by her counsel Terry Jones[.]" The court found that DHS proved by clear and convincing evidence all the statutory grounds alleged in its petition, and the court considered the likelihood that the children would be adopted and the potential harm to the children's health and safety if they were returned to their parents.
II. Applicable Law
The controlling statute requires that the petitioner, DHS, shall serve the petition to terminate parental rights as required under Rule 5 of the Arkansas Rules of Civil Procedure so long as the parent, Tiffany, was personally served at the initiation of the proceeding. Ark. Code Ann. § 9-27-341(b)(2)(A)(i)(a) . The parties do not dispute that Tiffany was personally served with the original petition, and this was found in the circuit court's probable cause order of March 10, 2016. The question then becomes whether Tiffany was properly served through her attorney pursuant to Rule 5.
Statutory service requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact. Wilburn v. Keenan Cos. , 298 Ark. 461, 768 S.W.2d 531 (1989) ;
*221 Edmonson v. Farris , 263 Ark. 505, 565 S.W.2d 617 (1978). The same reasoning applies to service requirements imposed by court rules. Proceedings conducted where the attempted service was invalid render judgments arising therefrom void ab initio. Halliman v. Stiles , 250 Ark. 249, 464 S.W.2d 573 (1971) ; Edmonson , [supra ]. Actual knowledge of a proceeding does not validate defective process. Tucker v. Johnson , 275 Ark. 61, 628 S.W.2d 281 (1982).
Carruth v. Design Interiors, Inc. , 324 Ark. 373, 374-75, 921 S.W.2d 944, 945 (1996).
Rule 5 of the Arkansas Rules of Civil Procedure provides in pertinent part:
(a) Service: When Required. Except as otherwise provided in these rules, every pleading and every other paper, including all written communications with the court, filed subsequent to the complaint ... shall be served upon each of the parties.... Any pleading asserting new or additional claims for relief against any party who has appeared shall be served in accordance with subdivision (b) of this rule.
....
(b) Service: How Made.
(1) Whenever under this rule or any statute service is required or permitted to be made upon a party represented by an attorney, the service shall be upon the attorney....
(2) Except as provided in paragraph (3) of this subdivision, service upon the attorney or upon the party shall be made by delivering a copy to him or by sending it to him by regular mail or commercial delivery company at his last known address or, if no address is known, by leaving it with the clerk of the court.... When service is permitted upon an attorney, such service may be effected by electronic transmission, including e-mail, provided that the attorney being served has facilities within his or her office to receive and reproduce verbatim electronic transmissions. Service is complete upon transmission but is not effective if it does not reach the person to be served.
In Brown , 2013 Ark. App. 201, at 3-4, this court analyzed whether the appellant had been properly served with a petition to terminate his parental rights under the governing statute. After determining that DHS's attempt to serve Brown by mail at his parents' address in Idaho was not sufficient under Rule 4, we analyzed DHS's service of the petition to terminate on Brown's attorney under Rule 5 as follows:
Rule 5 partly states,
Service by mail is presumptively complete upon mailing.... When service is permitted upon an attorney, such service may be effected by electronic transmission, including e-mail, provided that the attorney being served has facilities within his or her office to receive and reproduce verbatim electronic transmissions. Service is complete upon transmission but is not effective if it does not reach the person to be served.
Ark. R. Civ. P. 5(b)(2) (2012).
Brown's lawyer told the circuit court that he had looked in his files and emails and could not find any proof that he had received the petition. The burden then shifted to DHS to establish effective service. DHS, as petitioner, did not carry its heavy burden to establish the statutorily-mandated service requirement. Assuming that Rule 5 service was available to DHS under the statute, DHS did not state by what method Brown's lawyer was served with a petition; it did not produce any testimonial or documentary proof to support its contention that service on Brown's lawyer was actually attempted *222 in the first place-whether by mail, fax, or email. Instead, DHS argued that Brown had waived a service objection. Brown did
not waive his insufficient-service objection because he raised it when the hearing on the petition to terminate began, and the circuit court ruled on the issue.
DHS's argument that Brown's attorney knew about the termination petition for months does not make a legal difference because his awareness of this case cannot cure a service defect. Carruth , 324 Ark. at 375, 921 S.W.2d at 945. DHS also contends that any service-related error was harmless. We disagree. Proper service of legal process is required to vest the circuit court with the power to decide the dispute in the first place; a mistaken exercise of this power is never harmless.
Brown , 2013 Ark. App. 201, at 5-6.
III. Discussion
Tiffany argues that she moved to continue the case because neither she nor her attorney had received the petition for termination of parental rights. She argues that she did not contest that DHS showed that they had emailed it to her attorney, but she disputes that it was received. She claims that she would have been eligible for parole within a short time after the hearing, and had the continuance been granted, she would have been able to show the court an accepted parole plan. She also contends that while the date of the hearing had been agreed on, her counsel disputed that the petition had actually been served, and the burden of proof was on DHS to show that it had been received by the attorney.
She cites Rule 5's provision that "service is complete upon transmission" by email, "but is not effective if it does not reach the person to be served." She claims that DHS's argument that she and her counsel knew about the termination proceeding did not overcome improper service. She argues that DHS did not show that the transmission had been received by her counsel and, as such, the continuance should have been granted.
We agree and hold that DHS failed to carry its burden of proving that the petition to terminate parental rights was effectively served. We do not accept DHS's argument that Brown , supra , is inapplicable because Tiffany failed to argue that service was defective under Rule 5. Rule 5 was the basis of Tiffany's argument, and the trial court relied on Rule 5 when it found that Tiffany was served through her attorney. Similarly, we disagree with DHS's argument that the petition for termination of parental rights was no surprise to Tiffany and therefore she had no basis to seek a continuance. As stated in Brown , awareness of the case cannot cure a service defect. Because DHS failed to prove that it procured effective service of the petition to terminate parental rights, we reverse the trial court's decision to terminate parental rights. Accordingly, we do not address Tiffany's second point for reversal.
Reversed.
Whiteaker and Brown, JJ., agree.